IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**

December 27, 2024 01:54 PM
SCT-Civ-2023-0010
VERONICA HANDY, ESQUIRE
CLERK OF THE COURT

For Publication

# IN THE SUPREME COURT OF THE VIRGIN ISLANDS

| | |
|---|---|
| RIISE RICHARDS,<br>　　　Appellant/Plaintiff,<br><br>v.<br><br>PUBLIC EMPLOYEES RELATIONS BOARD<br>and VIRGIN ISLANDS POLICE<br>DEPARTMENT,<br>　　　Appellees/Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | S. Ct. Civ. No. 2023-0010<br>Re: Super. Ct. Civ. No. 712/2004 (STX) |

On Appeal from the Superior Court of the Virgin Islands
Division of St. Croix
Superior Court Judge: Hon. Douglas A. Brady

Argued: May 14, 2024
Filed: December 27, 2024

Cite as: 2024 VI 37

BEFORE: **MARIA M. CABRET**, Associate Justice; **HAROLD W.L. WILLOCKS**, Associate Justice; and **JOMO MEADE**, Designated Justice.[1]

APPEARANCES:

**Ryan C. Stutzman, Esq. (Argued)**
CSA Associates, P.C.
St. Croix, U.S.V.I.
　　*Attorney for Appellant,*

**Sean Patrick Bailey, Esq. (Argued)**
Virgin Islands Department of Justice
St. Thomas, U.S.V.I.
　　*Attorney for Appellee VIPD,*

**Gwendolyn W. Stroud, Esq.**
Public Employees Relations Board
St. Croix, U.S.V.I.
　　*Attorney for Appellee PERB.*

## OPINION OF THE COURT

**WILLOCKS, Associate Justice.**

---

[1] Pursuant to 4 V.I.C. § 24(a), the Honorable Jomo Meade was appointed as a Designated Justice in this matter due to the recusal of Chief Justice Rhys S. Hodge and Associate Justice Ive A. Swan.

*Richards v. PERB and VIPD*　　　　　2024 VI 37
S. Ct. Civ. No. 2023-0010
Opinion of the Court
Page 2 of 38

¶ 1　　Appellant Riise Richards (hereinafter "Richards") appeals from the Superior Court of the Virgin Islands' (hereinafter "Superior Court") January 27, 2023 order affirming the Public Employees Relations Board's (hereinafter "PERB") November 23, 2004 decision and order dismissing with prejudice Richards' appeal of her suspension by the Virgin Islands Police Department (hereinafter "VIPD") pursuant to the 2004 version of title 3, § 530(a) of the Virgin Islands Code[2] for lack of jurisdiction. For the reasons that follow, this Court will reverse the January 27, 2023 order and remand this matter to the Superior Court for further proceedings consistent with this opinion.

## I. BACKGROUND

¶ 2　　Richards was employed by the VIPD as the Director of Planning, Research and Evaluation when she received a letter from the Police Commissioner of the VIPD, dated September 20, 2004, advising her that effective immediately she was suspended without pay as a result of the criminal charges[3] that had been filed against her in the Superior Court.[4] In response, Richards filed a letter, dated September 23, 2004, with the PERB to appeal her suspension by the VIPD pursuant to §

---

[2] Section 530(a) has undergone multiple amendments over the years. Unless otherwise noted, all references to § 530(a) herein pertain to the 2004 version.

[3] The facts, procedural history, and the outcome of the criminal proceeding are not relevant to this appeal and thus not discussed in this opinion.

[4] At the time this matter arose, the Superior Court was known as the Territorial Court of the Virgin Islands. As of January 1, 2005, the name of the Territorial Court was changed to the Superior Court. *See* Act No. 6687, § 1(b) (V.I. Reg. Sess. 2004). For consistency, we refer to this court as the Superior Court throughout this opinion.

*Richards v. PERB and VIPD*                                         2024 VI 37
S. Ct. Civ. No. 2023-0010
Opinion of the Court
Page 3 of 38

530(a)[5]—*Richards v. VIPD*, PERB-GSA-04-16T (hereinafter "Suspension Matter"). On

November 9, 2004, the PERB held a hearing in the Suspension Matter. At the hearing, Richards

argued that, as a regular employee of the VIPD, the PERB has jurisdiction under § 530(a) over her

appeal, and while the VIPD conceded that Richards was a regular employee within the meaning

of § 530(a) and retracted its initial objection to Richards seeking relief under § 530(a) due to her

union membership,[6] the VIPD argued that the PERB does not have jurisdiction over Richards'

appeal under § 530(a) because she was not employed by one of the four entities listed in § 530(a).

On November 23, 2004, the PERB issued a decision and order in the Suspension Matter

(hereinafter "2004 PERB Order") dismissing with prejudice Richards' appeal for lack of

jurisdiction. In the 2004 PERB Order, the PERB explained:

> Appellant testified that she is an employee of the Virgin Islands Police Department.
> As such, it is clear that the PERB does not have jurisdiction to hear Appellant's appeal
> because she is not employed by any of the agencies listed in Title 3, Virgin Islands Code
> Section 530(a).

---

[5] While Richards' September 23, 2004 letter to the PERB indicated that she initially filed her
appeal pursuant to both § 530(a) and the 2004 version of title 3, § 531 of the Virgin Islands Code
"for disparate treatment and discrimination for non merit [sic] factors," the ensuing proceeding
before the PERB and the following review before the Superior Court only addressed Richards'
appeal pursuant to § 530(a). Thus, only Richards' appeal pursuant to § 530(a) is addressed herein.

[6] At the November 9, 2004 hearing before the PERB, counsel for the VIPD stated:

Mr. Juergens:

If it pleases the chairman, the respondent is prepared to state that the appellant is a regular
employee of the Government. Respondent is prepared to retract its objection to [Richards']
access to PERB because of union membership. We're not only prepared to, we do. Both of
those entities.

. . . .

So in effect the respondent stipulates to the issue of regularness and to the issue of the lack
of importance that she's a member of the union.

(J.A. 57-58).

*Richards v. PERB and VIPD*      2024 VI 37
S. Ct. Civ. No. 2023-0010
Opinion of the Court
Page 4 of 38

Prior to August 7, 2001, the PERB may have retained jurisdiction over the instant matter. However, until the Legislature of the Virgin Islands decides to amend the statute and restore the language removed by Section 9 of Act [No.] 6425, the PERB will continue to deny 3 V.I.C. § 530 jurisdiction to any regular employee who is not employed by the agencies listed in the statute.

(2004 PERB Order.)

¶3      On December 22, 2004, Richards filed a timely petition for writ of review of the 2004 PERB Order with the Superior Court—*Richards v. PERB and VIPD*, Civil Case No. SX-2004-CV-712 (hereinafter "2004 Superior Court Case"). On January 12, 2007, the respondents—the PERB and the VIPD—filed their joint response brief to Richards' petition for writ of review therein.

¶4      In 2006, while the 2004 Superior Court Case was pending, the VIPD terminated Richards' employment. In response, Richards filed another appeal with the PERB—*Richards v. VIPD*, PERB-GSA-06-11T (hereinafter "Termination Matter"). The PERB held multiple show cause hearings in the Termination Matter and issued multiple show cause decisions and orders against the VIPD. On February 19, 2019, the PERB issued a decision and order in the Termination Matter holding that title 3, § 667 of the Virgin Island Code was not applicable to Richards, ordered the VIPD to comply with the PERB's decision and order, and ordered the parties to resume mediation.

¶5      In April 2019, the VIPD filed with the Superior Court a petition for writ of review[7] followed by an amended petition for writ of review[8] of the PERB's February 19, 2019 decision and order in the Termination Matter—*VIPD v. Richards and PERB*, ST-2019-CV-144 (hereinafter "2019 Superior Court Case"). In response, on September 13, 2019, Richards filed a motion to

---

[7] The VIPD's petition for writ of review was filed on April 4, 2019.

[8] The VIPD's amended petition for writ of review was filed on April 30, 2019.

*Richards v. PERB and VIPD*                    2024 VI 37
S. Ct. Civ. No. 2023-0010
Opinion of the Court
Page 5 of 38

dismiss the VIPD's petition for writ of review in which Richards noted, *inter alia*, that she was a "classified employee that was a member of the Supervisor's Union." On September 16, 2019, the PERB filed a response brief to the VIPD's petition for writ of review. On March 10, 2021, the Superior Court affirmed the PERB's February 19, 2019 decision and order in the 2019 Superior Court Case, and Richards ultimately received backpay calculated based on her union membership in the Termination Matter.

¶ 6      In the 2004 Superior Court Case, the Superior Court *sua sponte* entered an order on August 23, 2022, in which it noted that this matter had laid dormant since 2007 and permitted the parties to supplement their filings to "present any post-briefing relevant case law and statutory changes." (Super. Ct. Aug. 23, 2022 Order.) On October 21, 2022 and November 10, 2022, Richards filed her supplemented briefings. In response, the VIPD filed its opposition brief on December 12, 2022, in which it argued that "[the PERB] lacked jurisdiction to hear [Richards' suspension appeal], but not for its stated reasons in [the 2004 PERB Order]," but because Richards "was admittedly a...[u]nion member, covered by a collective bargaining agreement" and her "assertion for back pay relied on her former membership in the union [and she]...received that backpay and is thus judicially estopped from asserting PERB jurisdiction under 3 V.I.C. § 530." (J.A. 9-10). On January 5, 2023, Richards filed her reply thereto.

¶ 7      On January 27, 2023, the Superior Court entered an order (hereinafter "January 27, 2023 Order") in the 2004 Superior Court Case, in which it noted that the sole issue was whether the PERB possessed jurisdiction under § 530(a) to hear Richards' appeal of her suspension from the VIPD. It found that there was no dispute that Richards was a regular employee within the meaning of § 530(a) but that "the PERB reached the correct result in determining that it lacked jurisdiction

*Richards v. PERB and VIPD*     2024 VI 37
S. Ct. Civ. No. 2023-0010
Opinion of the Court
Page 6 of 38

over [Richards' suspension appeal] because of "a plain reading of the statute [§ 530(a)] as it existed at the time [Richards'] cause of action arose," and affirmed the 2004 PERB Order. (Super. Ct. Jan. 27, 2023 Order.) The January 27, 2023 Order did not address the judicial estoppel argument raised by the VIPD in its 2022 opposition brief.

¶ 8     On February 23, 2023, Richards timely filed her notice of appeal of the January 27, 2023 Order. *See* V.I.R.APP.P. 5(a)(1). On May 14, 2024, the parties appeared before this Court for oral argument.

## II. DISCUSSION

### A.     Jurisdiction and Standard of Review

¶ 9     The Revised Organic Act of 1954[9] provides this Court with appellate jurisdiction over "all appeals from the decisions of the courts of the Virgin Islands established by local law..." 48 U.S.C. § 1613a(d). Title 4, § 32(a) of the Virgin Islands Code vests this Court with jurisdiction over "all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." V.I. CODE ANN. tit. 4, § 32(a). The January 27, 2023 Order affirmed the 2004 PERB Order and resolved all the claims raised in Richards' petition for writ of review in the 2004 Superior Court Case. Hence, it constitutes a final order within the meaning of § 32(a) and conferred jurisdiction on this Court.

¶ 10    This Court exercises plenary review in examining the issues of statutory interpretation, *Lopez v. People*, 60 V.I. 534, 536 (V.I. 2014) (citing *Shoy v. People*, 55 V.I. 919, 925 (V.I. 2011)).

---

[9] The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (2012), *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 73-177 (1995 & Supp. 2013) (preceding V.I. CODE ANN. tit. 1).

*Richards v. PERB and VIPD*        2024 VI 37
S. Ct. Civ. No. 2023-0010
Opinion of the Court
Page 7 of 38

Under title 3, § 530a of the Virgin Islands Code, "all questions of fact determined by the PERB shall be conclusive, if supported by substantial evidence in the record considered as a whole." 3 V.I.C. § 530a(b). "Substantial evidence is such evidence that a reasonable mind would accept as adequate to support an agency's conclusion." *Williams-Jackson v. Pub. Emples. Rels. Bd.*, 52 V.I. 445, 450 (V.I. 2009) (internal quotation marks and citations omitted).

## B. Overview of Issues

¶ 11    On appeal, Richards—disagreeing with the 2004 PERB Order and the January 27, 2023 Order—argues that the language of § 530(a) is ambiguous. However, when the statutory text is considered in light of the legislative history, she asserts that it shows a clear legislative intent that it applies to all regular employees of the executive departments of the Government of the Virgin Islands, not only to the regular employees of the four entities then listed in § 530(a), namely "the Government Development Bank, the Virgin Islands Water and Power Authority, the Virgin Islands Port Authority, or a hospital under the jurisdiction of the Virgin Islands Hospitals and Health Facilities Corporation."[10] As a result, she contends that the PERB had jurisdiction over her suspension appeal. Richards further asserts that the VIPD's separation of powers argument is "baseless," and points out that the VIPD had previously conceded to this interpretation in the 2004 Superior Court Case when the VIPD stated in its 2022 opposition brief that "[the PERB] lacked

---

[10] Section 530(a) of title 3 of the Virgin Islands Code expressly covered these four entities as a result of legislation passed in 1999. *See* Act Nos. 6279, § 4 and 6325, § 1 (V.I. Reg. Sess. 1999). More entities were added or substituted in subsequent amendments. *See* Act No. 6815, § 1 (V.I. Reg. Sess. 2005); Act No. 7144, § 1 (V.I. Reg. Sess. 2009); Act No. 7832, § 10(c) (V.I. Reg. Sess. 2015).

*Richards v. PERB and VIPD*                    2024 VI 37
S. Ct. Civ. No. 2023-0010
Opinion of the Court
Page 8 of 38

jurisdiction to hear [Richards' suspension appeal], but not for its stated reasons in [the 2004 PERB

Order]."

¶ 12    Richards also argues that subsequent amendments to § 530(a) have "plain and ambiguous

retroactive effect" so "[t]he PERB's supposed jurisdictional 'issue' regarding the 2001 amendment

was not only wrong from the outset, it is mooted by subsequent clarifying amendments, which

apply retroactively and unambiguously to the benefit of employees such as [Richards]." Richards

also contends that the VIPD waived its argument that her union membership precluded her from

seeking relief under § 530(a) since the VIPD had previously retracted such an objection in the

Suspension Matter before the PERB. She further argues that, even if the union membership

argument was not waived, it has no merit because "while [she] was in fact unionized at the time

of her suspension, her union was newly certified and did not have a new collective bargaining

agreement in force." Thus, Richards concludes that this Court should reverse the January 27, 2023

Order affirming the 2004 PERB Order.

¶ 13    In contrast, the VIPD—agreeing with the 2004 PERB Order and the January 27, 2023

Order—argues that the language of § 530(a) is unambiguous in providing that it is applicable only

to the regular employees of the various entities listed therein, and therefore, the PERB lacked

*Richards v. PERB and VIPD*
S. Ct. Civ. No. 2023-0010
Opinion of the Court
Page 9 of 38

2024 VI 37

jurisdiction over Richards' suspension appeal.[11] The VIPD avers that, "to avoid a violation of the Separation of Powers doctrine, this Court must hold, as the Superior Court did, that the PERB properly determined that it did not have jurisdiction to hear [Richards'] appeal based on Section 530(a) as it existed in 2004." Additionally, the VIPD also argues that this Court "should find that [Richards] is [judicially] estopped" because Richards "received a judgment payment based on those arguments [regarding her union membership] and the [collective bargaining agreement executed between the United Steelworkers Union and the Government of the Virgin Islands in 2005], which she now admits would have divested her of the protection of the PERB if it were in

---

[11] Arguably, the VIPD waived this argument—that the PERB lacked jurisdiction under § 530(a) over Richards' suspension appeal because Richards was not employed by one of the four entities listed in § 530(a)—due to the VIPD's subsequent retraction in the 2004 Superior Court Case. *See* V.I.R.App.P. 4(h) ("Only issues and arguments fairly presented to the Superior Court may be presented for review on appeal; provided, however, that when the interests of justice so require, the Supreme Court may consider and determine any question not so presented.") ; *see also*, V.I.R.App.P. 22(m) ("Issues that were (1) not raised or objected to before the Superior Court, (2) raised or objected to but not briefed, or (3) are only adverted to in a perfunctory manner or unsupported by argument and citation to legal authority, are deemed waived for purposes of appeal, except that the Supreme Court, at its option, may notice an error not presented that affects substantial rights."). As noted above, the VIPD stated in its 2022 opposition brief that the PERB lacked jurisdiction over Richards' appeal "but not for its stated reasons in [the 2004 PERB Order]," but because Richards was "judicially estopped from asserting PERB jurisdiction under 3 V.I.C. § 530." (J.A. 9-10).

Notably, the language in the VIPD's 2022 opposition brief made it clear that the judicial estoppel argument was not an additional reason that the PERB lacked jurisdiction over Richards' suspension appeal, but that it was the only reason why the PERB lacked jurisdiction. Nevertheless, this Court has discretion under Rules 4(h) and 22(m) of the Supreme Court Rules of Appellate Procedure "to reach issues waived on appeal 'when the interests of justice so require' and when such issues 'affect [] substantial rights.'" *Rodriguez v. People*, 71 V.I. 577, 633 (V.I. 2019) (citing *Phillip v. People*, 58 V.I. 569, 585-87 & n.19 (V.I. 2013) (reviewing waived argument under Rule 22(m)); *Brown v. People*, 55 V.I. 496, 503-04 (V.I. 2011) (reviewing waived argument)).

In this instance, this Court chooses to exercise its discretion—in the interests of justice and because it affects Richards' substantial rights under § 530(a)—to review this issue on the merits, especially since the Superior Court reached this issue in the January 27, 2023 Order. *See* V.I.R.App.P. 4(h); *see also*, V.I.R.App.P. 22(m).

*Richards v. PERB and VIPD*                    2024 VI 37
S. Ct. Civ. No. 2023-0010
Opinion of the Court
Page 10 of 38

place when she was suspended." The VIPD further disagrees that it waived its union membership argument because "[i]n its supplemental briefing in 2022, [the VIPD] provided significant and relevant intervening facts and authority to flesh [sic] out the union argument it raised in 2004." As such, the VIPD concludes that this Court should affirm the January 27, 2023 Order affirming the 2004 PERB Order.

¶ 14    This Court notes at the outset that it is not in dispute that Richards was a regular employee within the meaning of § 530(a) when this matter arose.[12]

### C. Statutory Interpretation of Section 530(a)

¶ 15    The right of a regular employee of the Government of the Virgin Islands to appeal to the PERB from a decision to dismiss, demote, or suspend employment is derived from § 530(a). As noted above, the parties dispute the interpretation of § 530(a), which at the time that Richards' cause of action accrued provided that:

> Notwithstanding any other provision of law, in any case after January 1, 1977 where a department head, including the Executive Directors of the Government Development Bank, the Virgin Islands Water and Power Authority, the Virgin Islands Port Authority, and the Chief Executive Officer of a hospital under the jurisdiction of the Virgin Islands Hospitals and Health Facilities Corporation, decides to dismiss, demote, or suspend a regular employee of the Government Development Bank, the Virgin Islands Water and Power Authority the Virgin Islands Port Authority, or a hospital under the jurisdiction of the Virgin Islands Hospitals and Health Facilities Corporation, for cause, he shall furnish the employee with a written statement of the charges against him. The employee shall have ten days following the date of receipt of said statement of the charges to appeal the proposed action to the Public Employees Relations Board Such appeal shall be in writing and a copy shall be furnished to the department head and the Attorney General by the Board.

---

[12] In the January 27, 2023 Order. the Superior Court noted that "the Government did not dispute that [Richards] was a classified regular employee of the Government." (Super. Ct. Jan. 27, 2023 Order.) This is supported by the record before this Court. *See supra* note 6.

*Richards v. PERB and VIPD*          2024 VI 37
S. Ct. Civ. No. 2023-0010
Opinion of the Court
Page 11 of 38

Former 3 V.I.C. § 530(a) (2004).[13]

¶ 16    "The first step when interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning." *Miller v. People*, 67 V.I. 827, 844 (V.I. 2017) (citations omitted). It is well settled that when "the statutory language is unambiguous and the statutory scheme is coherent and consistent, no further inquiry is needed." *In re L.O.F.*, 62 V.I. 655, 661 (V.I. 2015) (citations omitted); *see Thomas v. People*, 69 V.I. 913, 925 (V.I. 2018) ("[B]ecause 'the statutory language [of 14 V.I.C. § 2101(a)] is plain and unambiguous, no further interpretation is required.'") (citation omitted); *see also, Codrington v. People*, 57 V.I. 176, 185 (2012) ("Accordingly, when the language of a statute is plain and unambiguous, a court does not look beyond the language of the statute in interpreting the statute's meaning.") (citations omitted).

¶ 17    "Statutory language is ambiguous when it is susceptible to more than one interpretation." *One St. Peter, LLC v. Bd. of Land Use Appeals*, 67 V.I. 920, 924 (V.I. 2017). If statutory language is ambiguous, "we will proceed to examine the legislative history of the statute and its purpose to ascertain if [a proposed] interpretation was within the legislature's intent," *id.*, at 926 (quoting *Sonson v. People*, 59 V.I. 590, 598 (V.I. 2013)), but "remain mindful that '[a] statute should not be construed and applied in such a way that would result in injustice or absurd consequences.'" *One St. Peter, LLC*, 67 V.I. at 926 (quoting *Gilbert v. People*, 52 V.I. 350, 356 (V.I. 2009) (citing *Am. Dredging Co. v. Local 25, Marine Div., Int'l Union of Operating Eng'rs*, 338 F.2d 837, 842-43 (3d Cir. 1964))); *see V.I. Narcotics Strike Force v. Gov't of the V.I. Pub. Emples. Rels. Bd.*, 60 V.I. 204, 214 & n.7 (V.I. 2013) (observing that in the statutory construction

---

[13] For a discussion of the amendments to 3 V.I.C. § 530(a) that expanded the number of entities covered by the statute, see *supra* note 10.

*Richards v. PERB and VIPD*
S. Ct. Civ. No. 2023-0010
Opinion of the Court
Page 12 of 38

2024 VI 37

context, an "absurd result" refers to an interpretation of a statute that would be "clearly inconsistent with the Legislature's intent" and finding that an interpretation of a statute that would "undermin[e] the entire regulatory regime established in" a chapter of a title of the Virgin Islands Code would produce an absurd result) (citing *Gilbert*, 52 V.I. at 365).

¶ 18     The United States Supreme Court has instructed that statutory interpretation requires the court to "look to the statute's language, structure, subject matter, context, and history — factors that typically help courts determine the statute's objectives and thereby illuminate its text." *Almendarez-Torres v. United States*, 523 U.S. 224, 228 (1998) (citations omitted).

¶ 19     Additionally, this Court has also instructed that "[i]n analyzing a statutory scheme, we must give effect to every provision, making sure to avoid interpreting any provision in a manner that would render it — or another provision — 'wholly superfluous and without an independent meaning or function of its own.'" *In re L.O.F.*, 62 V.I. at 661 (quoting *Defoe v. Phillip*, 56 V.I. 109, 129 (V.I. 2012)); *see Ottley v. Estate of Bell*, 61 V.I. 480, 493 (V.I. 2014) (we must look to "the context surrounding each statute" to determine the legislative intent). However, "even where a statutory scheme is plain and internally consistent, 'no statute should be read literally if such a reading is contrary to its objective [and] this Court must consider whether applying the statute's literal language leads to ... absurd consequences or is otherwise inconsistent with the Legislature's intent.'" *In re L.O.F.*, 62 V.I. at 661 (quoting *Gilbert v. People*, 52 V.I. at 356 (internal quotation marks, citation, and alteration omitted)); *see e.g., Peters v. People*, 60 V.I. 479, 483 (V.I. 2014); *Rohn v. People*, 57 V.I. 637, 646 n.6 (V.I. 2012); *Brady v. Gov't of the V.I.*, 57 V.I. 433, 442-43 (V.I. 2012).

*Richards v. PERB and VIPD*
S. Ct. Civ. No. 2023-0010
Opinion of the Court
Page 13 of 38

2024 VI 37

¶ 20    "Interpretations that are unjust or lead to absurd results must be avoided because they are inconsistent with legislative intent… An interpretation that renders a statute nonsensical or superfluous, or that defies rationality, is absurd." *Dupigny v. Tyson*, 66 V.I. 434, 440 (V.I. 2017). Lastly, and equally important, our Legislature has mandated that when construing provisions appearing as part of the Virgin Islands Code, "[w]ords and phrases shall be read with their context and shall be construed according to the common and approved usage of the English language." 1 V.I.C. § 42; *Miller*, 67 V.I. at 844.

### 1. The Language of Section 530(a) was Unambiguous

¶ 21    Upon review of § 530(a) as it existed at the time that Richards' cause of action accrued, this Court concludes that its language was plain and unambiguous that it was applicable to all regular employees of the executive departments of the Government of the Virgin Islands, in addition to the regular employees of "the Government Development Bank, the Virgin Islands Water and Power Authority[,] the Virgin Islands Port Authority, [and] a hospital under the jurisdiction of the Virgin Islands Hospitals and Health Facilities Corporation." Former 3 V.I.C. § 530(a) (2004). Accordingly, the PERB and the Superior Court should have looked into all relevant key terms of § 530(a), such as "department head," "the Government Development Bank," "the Virgin Islands Water and Power Authority," "the Virgin Islands Port Authority," and "the Virgin Islands Hospitals and Health Facilities Corporation." These key terms were not addressed in either the 2004 PERB Order or the January 27, 2023 Order.

¶ 22    "[D]epartment head," as used in chapter 25 of title 3 of the Virgin Islands Code—which includes § 530(a)—means "the Commissioner at the head of any **executive department** of the

*Richards v. PERB and VIPD*
S. Ct. Civ. No. 2023-0010
Opinion of the Court
Page 14 of 38

2024 VI 37

Government." 3 V.I.C. § 451[14] (emphasis added). By defining "department head" as such, § 530(a)

necessarily includes the regular employees of the executive departments, otherwise it would imply

that a Commissioner of any executive department could dismiss, demote, or suspend a regular

employee of "the Government Development Bank, the Virgin Islands Water and Power

Authority[,] the Virgin Islands Port Authority, or a hospital under the jurisdiction of the Virgin

---

[14] According to the legislative history, § 451 was last amended in 1994. *See* Act No. 6010, § 1(d), (V.I. Reg. Sess. 1994). Thus, this Court concludes that the definition of "department head" as set forth in the 2004 version of § 451 has remained the same to date.

In its appellee brief, the VIPD argues that this Court should reject the definition of "department head" provided in § 451 because "[§] 451 does not contain a separate definition for chief executives of governmental instrumentalities"; instead, the VIPD asked this Court to resort to the dictionary definitions of "department" and "head" in Merriam-Webster. This argument is unpersuasive. First, § 451—which sets forth the definitions of key terms used in chapter 25 of title 3 of the Virgin Islands Code—was intended to be read alongside § 530(a). To be sure, since § 451 appears in the same chapter of the Code as § 530(a), the *in pari materia* canon of statutory construction compels us to harmonize these statutes and construe them together as part of a consistent legislative scheme. *See, e.g., Phillip v. People*, 58 V.I. 569, 590 (V.I. 2013) (statutes *in pari materia* must be harmonized unless there is a clear inconsistency between them) (citing *In re Richards v. Elective Board of Frederiksted*, 1 V.I. 351, 354-55 (D.V.I. 1936) and *McBean v. Gov't of the V.I.*, 32 V.I. 120, 126 (V.I. Terr. Ct. 1995)). Second, the definition for the roles of "Executive Director" and "Chief Executive Officer" of the entities listed in § 530(a)—namely, "the Government Development Bank, the Virgin Islands Water and Power Authority, the Virgin Islands Port Authority, [and] a hospital under the jurisdiction of the Virgin Islands Hospitals and Health Facilities Corporation"—are provided by the governance and the regulatory scheme of each respective entity. Given that § 451 provides definition specific to chapter 25 of title 3 of the Virgin Islands Code, it would be unnecessary, not to mention entirely improper, for § 451 to provide the definition for the roles of "the Executive Directors of the Government Development Bank, the Virgin Islands Water and Power Authority, the Virgin Islands Port Authority, and the Chief Executive Officer of a hospital under the jurisdiction of the Virgin Islands Hospitals and Health Facilities Corporation." Third, this Court finds that it is not otherwise provided, and the context does not require a different construction, application, or meaning of "department head" in § 530(a). *See* 3 V.I.C. § 451 ("As used in this chapter, unless it is otherwise provided or the context requires a different construction, application, or meaning—"). Thus, the statutory definition of "department head" under § 451 should be used in this instance.

*Richards v. PERB and VIPD*                    2024 VI 37
S. Ct. Civ. No. 2023-0010
Opinion of the Court
Page 15 of 38

Islands Hospitals and Health Facilities Corporation."[15] A reading of § 530(a) that would exclude

the regular employees of the executive departments would result in absurd consequences contrary

to the authority provided to the Commissioners of their respective executive departments.

Specifically, it would allow them to usurp the authority of "the Executive Directors of the

Government Development Bank, the Virgin Islands Water and Power Authority, the Virgin Islands

Port Authority, and the Chief Executive Officer of a hospital under the jurisdiction of the Virgin

Islands Hospitals and Health Facilities Corporation" to dismiss, demote, or suspend the respective

entities' regular employees. *See e.g.,* Act No. 6279, § 4 (V.I. Reg. Sess. 1999) (Act No. 6279 was

enacted to "provide for the semiautonomous administration of the V.I. Government Hospitals and

Health Facilities and for other purposes"; it added § 244a under title 19 of the Virgin Islands Code,

which provides: "The Chief Executive Officer shall serve as the head of the hospital to which he

is appointed and shall: (a) appoint and remove the Medical Director, and the Chief Financial

Officer with the advice and consent of the respective District Board; (b) appoint and remove all

managerial personnel, health care providers and all other professional and nonprofessional

personnel,…"). An interpretation that leads to such absurd results must be avoided. *See Dupigny*,

66 V.I. at 440 ("Interpretations that are unjust or lead to absurd results must be avoided because

---

[15] If we were to insert the definition of "department head" from § 451 into § 530(a), it would read:

> Notwithstanding any other provision of law, in any case after January 1, 1977 where a *Commissioner at the head of any executive department of the Government*, including the Executive Directors of the Government Development Bank, the Virgin Islands Water and Power Authority, the Virgin Islands Port Authority, and the Chief Executive Officer of a hospital under the jurisdiction of the Virgin Islands Hospitals and Health Facilities Corporation, decides to dismiss, demote, or suspend a regular employee of the Government Development Bank, the Virgin Islands Water and Power Authority the Virgin Islands Port Authority, or a hospital under the jurisdiction of the Virgin Islands Hospitals and Health Facilities Corporation…

*Richards v. PERB and VIPD*                    2024 VI 37
S. Ct. Civ. No. 2023-0010
Opinion of the Court
Page 16 of 38

they are inconsistent with legislative intent...An interpretation that renders a statute nonsensical or superfluous, or that defies rationality, is absurd."). Additionally, an interpretation that renders a statute superfluous—such as the VIPD's proposed interpretation of § 530(a) based on the dictionary definitions of "department" and "head" that would render § 451's definition of "department head" meaningless—must also be avoided. *Id.*

¶ 23     Given this reading of § 530(a), the question arises: why did the Legislature of the Virgin Islands incorporate the language "including Executive Directors of the Government Development Bank, the Virgin Islands Water and Power Authority, the Virgin Islands Port Authority, and the Chief Execute Officer of a hospital under the jurisdiction of the Virgin Islands Hospitals and Health Facilities Corporation, decides to dismiss, demote, or suspend a regular employee the Government Development Bank, the Virgin Islands Water and Power Authority, the Virgin Islands Port Authority, or a hospital under the jurisdiction of the Virgin Islands Hospitals and Health Facilities Corporation" after "department head"? In other words, why did these four entities—the Government Development Bank, the Virgin Islands Water and Power Authority, the Virgin Islands Port Authority, and the Virgin Islands Hospitals and Health Facilities Corporation—get "singled out" in § 530(a)? The explanation is simple. These four entities are not executive departments, so they cannot be included within the definition of "department head"; instead, they are corporations and/or instrumentalities of the Government of the Virgin Islands. Specifically, the Government Development Bank[16] was "created as a public corporation and governmental instrumentality as a subsidiary entity of, subordinate in administration and operation to the V.I. Economic

---

[16] In 2014, the Government Development Bank was renamed to the Economic Development Bank throughout the Virgin Islands Code. *See* Act No. 7632, § 2 (V.I. Reg. Sess. 2014).

*Richards v. PERB and VIPD*
S. Ct. Civ. No. 2023-0010
Opinion of the Court
Page 17 of 38

2024 VI 37

Development Authority." 29 V.I.C. § 901. In turn, the Virgin Islands Water and Power Authority is "a body corporate and politic constituting a public corporation and autonomous governmental instrumentality of the Government of the Virgin Islands." 30 V.I.C. § 103(a). Continuing, the Virgin Islands Port Authority is a "body corporate and politic constituting a public corporation and autonomous governmental instrumentality for the Government of the Virgin Islands." 29 V.I.C. § 541(a). Finally, the Virgin Islands Government Hospitals and Health Facilities Corporation "is a body corporate and politic constituting a public benefit corporation of the Government of the Virgin Islands." 19 V.I.C. § 243(a). Thus, these four entities—the Government Development Bank, the Virgin Islands Water and Power Authority, the Virgin Islands Port Authority, and the Virgin Islands Hospitals and Health Facilities Corporation—had to be specifically listed in § 530(a) in order for their regular employees to have the right to appeal to the PERB pursuant to § 530(a). "[W]hen enacting [a] ... statute, the Legislature is presumed to know the existing state of the law." *People v. Looby*, 68 V.I. 683, 696 (V.I. 2018) (citing *Cascen v. People*, 60 V.I. 392, 404 (V.I. 2014)); *see Brooks v. Gov't of the V.I.*, 58 V.I. 417, 428 (V.I. 2013) (citing *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011)). Additionally, "this [C]ourt[ ] must presume that a legislature says in a statute what it means and means in a statute what it says there." *Thomas*, 69 V.I. at 924-25 (quoting *People v. Baxter*, 49 V.I. 384, 389 (V.I. 2008)).

¶ 24    Because the language of § 530(a) is plain and unambiguous, this Court need not look beyond the language of the statute in interpreting its meaning and will give effect to its plain words. *See Thomas*, 69 V.I. at 925 (noting that when the language of a statute is plain and unambiguous, no further interpretation is required); *see also, Codrington*, 57 V.I. at 185 ("Accordingly, when the language of a statute is plain and unambiguous, a court does not look beyond the language of

*Richards v. PERB and VIPD*
S. Ct. Civ. No. 2023-0010
Opinion of the Court
Page 18 of 38

2024 VI 37

the statute in interpreting the statute's meaning."). Given that Richards was a regular employee of the VIPD, an "executive department in the Government of the Virgin Islands," *see* 3 V.I.C. § 251, and this Court's conclusion that § 530(a) was applicable to all regular employees of the executive departments, the Superior Court erred when it affirmed the 2004 PERB Order dismissing with prejudice her suspension appeal pursuant to § 530(a) for lack of jurisdiction.

## 2. Assuming, *Arguendo*, that the Language of Section 530(a) was Ambiguous

¶ 25    Assuming, *arguendo*, that the language of § 530(a) was ambiguous—as shown by the differing interpretations before this Court, *see One St. Peter, LLC*, 67 V.I. at 924 ("Statutory language is ambiguous when it is susceptible to more than one interpretation."), we are obligated to resolve that ambiguity. Richards interprets it to be applicable to all regular employees of the executive departments of the Government of the Virgin Islands in addition to the regular employees of the four entities listed therein, while the VIPD, the PERB, and the Superior Court interpret it to be applicable only to the regular employees of the four entities listed therein.[17]

¶ 26    This Court must now examine the legislative history of § 530(a) and its purpose to ascertain whether a proposed interpretation correctly identifies the legislature's intent. *See One St. Peter, LLC*, 67 V.I. at 926 (noting that if statutory language is ambiguous, "we will proceed to examine the legislative history of the statue and its purpose to ascertain if [a proposed] interpretation was within the legislature's intent"). A review of § 530(a)'s legislative history is instructive here—it evidences a clear legislative intent for the availability of the statutory avenue

---

[17] However, as noted above, this difference in interpretation may not necessarily be due to ambiguity of the language of § 530(a) but because the PERB and the Superior Court failed to look at all the relevant key terms of the statute and the VIPD arbitrarily rejected the definition of "department head" as provided in § 451 and opted for the dictionary definition instead.

*Richards v. PERB and VIPD*
S. Ct. Civ. No. 2023-0010
Opinion of the Court
Page 19 of 38

2024 VI 37

of relief under § 530(a) to be expansive, as shown by the amendments over the years that have

broadened its reach to include more public employees.

¶ 27    Prior to 2004, § 530(a) was amended four times to expanded its scope—to include the

employees of the Virgin Islands Water and Power Authority in 1977,[18] the Virgin Islands Port

Authority in 1984,[19] and hospitals under the jurisdiction of the Virgin Islands Hospitals and Health

Facilities Corporation and the Government Development Bank in 1999.[20] After 2004, the

Legislature continued to expand § 530(a) to include more public employees.[21]

---

[18] In 1977, § 530(a) was amended by including the employees of the Virgin Islands Water and Power Authority. 1977 V.I. Sess. Laws 39 (Act. No. 3960).

[19] In 1984, § 530(a) was amended by including the employees of the Virgin Islands Port Authority. 1984 V.I. Sess. Laws 209 (Act No. 4971).

[20] In 1999, § 530(a) was amended by including the employees of the hospitals under the jurisdiction of the Virgin Islands Hospitals and Health Facilities Corporation, Act No. 6279, § 4 (V.I. Reg. Sess. 1999), and the employees of the Government Development Bank, Act No. 6325, § 1 (V.I. Reg. Sess. 1999).

[21] The current version of § 530(a) provides:

> (1) Notwithstanding any other provision of law, in any case after January 1, 1977, before a head officer of an executive department, agency or instrumentality of the Government dismisses, demotes or suspends a regular employee of a department, agency or instrumentality of the Government, the head officer shall furnish the employee with a written statement of the charges against the employee. The employee shall have ten days following the date of receipt of the statement of charges to appeal the proposed action to the Public Employees Relations Board. The appeal must be in writing, and the Board must provide a copy to the head officer and the Attorney General.
>
> (2) As used in this section:
>
>> (A) "head officer" means the Commissioner of an executive branch department, the director of an executive branch agency or instrumentality or the director, executive director, chief executive officer, president or other titular head of an instrumentality of the Government of the Virgin Islands.
>>
>> (B) Instrumentality of the Government includes
>>
>>> (i) the Virgin Islands Water and Power Authority;
>>> (ii) the Virgin Islands Port Authority;

*Richards v. PERB and VIPD*
S. Ct. Civ. No. 2023-0010
Opinion of the Court
Page 20 of 38

2024 VI 37

¶ 28    Furthermore, a review of the legislative history of the creation of the PERB supports a finding that the language of § 530(a) included all regular employees of the executive departments. In 1980, the Legislature enacted the Public Employee Labor Relations Act ("PELRA") and added "Chapter 14. Public Employee Labor Relations" to title 24 of the Virgin Islands Code to "provide for orderly and constructive relationships between public employers and their employees." 24 V.I.C. § 361; *see United Steelworkers Locals 9488 & 9489 v. Gov't of the V.I.*, S. Ct. Civ. No. 2020-0106, ___ V.I. ___, 2024 V.I. Supreme LEXIS 9, at *6 (V.I. Feb. 7, 2024). PELRA also "provides for the creation of the ... PERB, and gives PERB the power to certify and decertify representatives of appropriate bargaining units, establish rules, conduct hearings, and carry out other duties, similar to those performed by the NLRB [(National Labor Relations Board)]," *United Steelworkers Locals 9488 & 9489*, 2024 V.I. Supreme LEXIS 9, at *6 (quoting *Gomez*, 882 F.2d at 737 (citing 24 V.I.C. §§ 364-366, 370-373)), with title 24, § 364 of the Virgin Islands Code

---

   (iii) the Waste Management Authority;
   (iv) the Magens Bay Authority;
   (v) the Virgin Islands Housing Authority;
   (vi) the University of the Virgin Islands;
   (vii) the Virgin Islands Public Broadcasting Systems;
   (viii) the Government Employees Retirement System;
   (ix) a hospital under the jurisdiction of the Virgin Islands Hospitals and Health Facilities Corporation; and
   (x) Any other entity established within the executive branch whose staff includes regular employees.

(C) "Regular employee" means an employee who:

   (i) has been appointed to a position in the classified or career service or served in a temporary position for more than two years in a department or agency of the executive branch or in an instrumentality, as defined in subparagraph (B) of this subsection or and
   (ii) who is not on contract, is not on probation, and therefore subject to dismissal, demotion or suspension. only for cause.

3 V.I.C. § 530(a).

*Richards v. PERB and VIPD*
S. Ct. Civ. No. 2023-0010
Opinion of the Court
Page 21 of 38

2024 VI 37

creating the PERB on June 2, 1980. More specifically, under PELRA, the PERB has the power and the duty "to conduct hearings and/or proceedings, when warranted, on complaints of prohibited practices by employers or by employee organizations and take such actions with respect thereto as it deems necessary and proper." 24 V.I.C. § 365(i); *see* 24 V.I.C. § 379 ("Any party aggrieved by the action of another, which action is believed to be a violation of this chapter, may complain of such violation in writing to the PERB and shall state in the complaint any relief sought.").

¶ 29    The PERB was substituted in place of the Government Employees Service Commission in § 530 in 1995,[22] and thereafter, the interpretation that § 530(a) was applicable only to the regular employees of the entities listed therein and not to the regular employees of the executive departments would be contrary to the purpose of PELRA and the powers and duties given to the PERB thereunder. For example, the 1995 version of § 530(a) provided:

> Notwithstanding any other provision of law, in any case after January 1, 1977, where a department head, including the Executive Directors of the Virgin Islands Water and Power Authority and the Virgin Islands Port Authority, decides to dismiss, demote, or suspend a regular employee, or employee of the Virgin Islands Water and Power Authority or the Virgin Islands Port Authority, for cause, he shall furnish the employee with a written statement of the charges against him. The employee shall have ten days following the date of receipt of said statement of the charges to appeal the proposed action to the Public Employees Relations Board. Such appeal shall be in writing and a copy shall be furnished to the department and the Attorney General by the Board.

> *See* Act No. 6010, § 1(g) (V.I. Reg. Sess. 1994).

---

[22] In 1994, § 530 was amended by deleting words "Government Employees Service Commission" whenever they appear and inserting the words "Public Employees Relations Board" in lieu thereof and by deleting the word "Commission" whenever it appears and inserting the word "Board" in lieu thereof, and scheduled such amendments to become effective on January 1, 1995. Act No. 6010, §§ 1, 2 (V.I. Reg. Sess. 1994).

*Richards v. PERB and VIPD*                    2024 VI 37
S. Ct. Civ. No. 2023-0010
Opinion of the Court
Page 22 of 38

¶ 30    To construe the 1995 version of § 530(a) as being applicable only to the public

employees of the entities listed therein so that the PERB only had jurisdiction over the appeals of

the regular employees and employees of the Virgin Islands Water and Power Authority and the

Virgin Islands Port Authority[23] would be unreasonably restrictive and subvert the legislative intent

in enacting PELRA and creating the PERB to achieve PELRA's purpose of providing for "orderly

and constructive relationships between public employers and their employees" when no such

limiting language was found in PELRA. The inappropriateness of such a limiting interpretation of

§ 530(a)—that it was applicable only to the public employees of the specific entities listed

therein—is also evident when considering former versions of § 530(a), before the Government

Employees Service Commission was replaced by the PERB. The Government Employees Service

Commission had the powers and duties related to personnel administration within the Government

---

[23] In 2001, § 530(a) was amended by deleting ", or employee" following "regular employee." *See* Act 6425, § 9 (V.I. Reg. Sess. 2001). Arguably, prior to the 2001 amendment, the statute could be read to refer two categories of public employees: regular employees within the executive branch who were dismissed, demoted, or suspended by a department head; and employees of the government instrumentalities named in the statute who were dismissed, demoted, or suspended by the respective executive director.

This Court, for the sole purpose of considering the VIPD's argument for a limiting interpretation of the statute, construes the statute to refer to one category of public employees: regular employees and employees of the government instrumentalities named in the statute who were dismissed, demoted, or suspended by the respective executive director.

*Richards v. PERB and VIPD*
S. Ct. Civ. No. 2023-0010
Opinion of the Court
Page 23 of 38

2024 VI 37

of the Virgin Islands. *See* 3 V.I.C. § 472;[24] *see also*, 3 V.I.C. § 451.[25] Under a limiting interpretation of the former versions of § 530(a) before 1995, the Government Employees Service Commission would not have had jurisdiction over a majority of the appeals of the public employees' appeals from a decision to dismiss, demote, or suspend—only the appeals of the regular employees and employees of the Virgin Islands Water and Power Authority after the 1977 amendment, plus the appeals of the regular employees and employees of Virgin Islands Port Authority after the 1984 amendment[26]—when no such limiting language was found in § 472

---

[24] The current version of § 472 provides:

> In addition to the powers and duties imposed upon it elsewhere in this chapter, the [Government Employees Service] Commission—
> (1) shall represent the public interest in the improvement of personnel administration in the Government Service;
> (2) shall advise the Director of Personnel and the Governor on problems concerning personnel administration;
> (3) shall advise and assist the Director of Personnel in fostering the interest of civil, professional and employee organizations in the improvement of personnel standards in the Government Service;
> (4) shall make such reports and recommendations as it considers desirable to the Director of Personnel, for submission to the Governor, regarding personnel administration in the Government Service and recommendations for improvement therein; and
> (5) may, when the Attorney General determines that representation of the Commission by him would constitute a conflict in representation, retain the services of private legal counsel to advise and represent the Commission in administrative hearings and before the courts of the Virgin Islands."

3 V.I.C. § 472.

Section 472 was amended in 1962—namely, references to Director of Personnel was substituted for references to Government Secretary, *see* 1962 V.I. Sess. Laws. 52 (Act. No. 819), and in 1973—namely, reference to "powers" were inserted and a new paragraph (5) was added, *see* 1973 V.I. Sess. Laws. 83 (Act No. 3429).

[25] Under § 451, "'Government' or 'Government Service' means the Government of the United States Virgin Islands, including governmental activities administered by boards, commissions, and authorities." 3 V.I.C. § 451.

[26] *See supra* note 23.

*Richards v. PERB and VIPD*
S. Ct. Civ. No. 2023-0010
Opinion of the Court
Page 24 of 38

2024 VI 37

setting forth the powers and duties of the Government Employees Service Commission. Further, when the Legislature first amended § 530 in 1962 by adding subsection (a), it did not list any entity therein. *See* Act No. 819, § 6 (V.I. Reg. Sess. 1962).[27] Under a limiting interpretation of the original 1962 version of § 530(a), it would not be applicable to any public employee—since it did not list any entity—and thus the Government Employees Service Commission would not have had jurisdiction over any public employees' appeals from a decision to dismiss, demote, or suspend. Such a limiting interpretation of § 530(a) is manifestly inconsistent with legislative intent and leads to absurd results, and thus, it must be avoided. *See Dupigny*, 66 V.I. at 440; *see also, In re L.O.F.*, 62 V.I. at 661.

¶ 31 Moreover, a review of the placement of § 530 in the Virgin Islands Code further supports a finding that § 530(a) was applicable to all regular employees of the executive departments. *Almendarez-Torres*, 523 U.S. at 228 (noting that statutory interpretation requires the court to "look to the statute's language, structure, subject matter, context, and history — factors that typically help courts determine the statute's objectives and thereby illuminate its text") (citations omitted); *Ottley*, 61 V.I. at 493 (we must look to "the context surrounding each statute" to determine the legislative intent). Section 530 has always been placed within title 3 of the Virgin Islands Code, which governs the executive branch of the Government of the Virgin Islands.

---

[27] In 1962, the Legislature amended § 530 to read as follows:

§ 530(a). When a department head decides to (1) dismiss, or (2) demote, or (3) suspend for a period over thirty days a regular employee, for cause, he shall furnish the employee with a written statement of the charges against him. The employee shall have ten days from and after the date of receipt of said statement of charges to appeal the proposed action to the Government Employees Service Commission. Such appeal shall be in writing and a copy shall be furnished to the department.

*See* Act No. 819, § 6 (V.I. Reg. Sess. 1962).

*Richards v. PERB and VIPD*              2024 VI 37
S. Ct. Civ. No. 2023-0010
Opinion of the Court
Page 25 of 38

¶ 32    To interpret that § 530(a) is inapplicable to the regular employees of the executive departments but applicable only to the regular employees of the entities listed therein—despite being placed within the title governing the executive branch—would again subvert the legislative intent, *see Looby*, 68 V.I. at 696 ("[W]hen enacting [a]…statute, the Legislature is presumed to know the existing state of the law.") (citing *Cascen*, 60 V.I. at 404), and such a reading must be avoided, *see Dupigny*, 66 V.I. at 440; *see also, In re L.O.F.*, 62 V.I. at 661.

¶ 33    The VIPD has pointed to the 2005 amendment—which rewrote § 530(a) to include, *inter alia*, the language "including, but not limited to, the Executive Director of the Government Development Bank, the Virgin Islands Water and Power Authority"[28]—to further support its

---

[28] In 2005, the Legislature amended § 530(a) to read as follows:

> Notwithstanding any other provision of law, in any case after January 1, 1977, where a department head, of the executive branch of the Government of the Virgin Islands or the Executive Director or Chief Executive Officer of any agency or instrumentality of the Government including, but not limited to, the Executive Director of the Government Development Bank, the Virgin Islands Water and Power Authority, the Virgin Islands Port Authority, the Waste Management Authority, the Magens Bay Authority, the Virgin Islands Housing Authority, the University of the Virgin Islands, the Virgin Islands Public Television Systems, the Government Employees Retirement System and the Chief Executive Officer of a hospital under the jurisdiction of the Virgin Islands Hospitals and Health Facilities Corporation, decides to dismiss, demote, or suspend a regular employee of, or an employee, who is not on contract, is not temporary, and is not on probation, with the Government Development Bank, the Virgin Islands Water and Power Authority the Virgin Islands Port Authority, the Waste Management Authority, the Magens Bay Authority, the Virgin Islands Housing Authority, the University of the Virgin Islands, the Virgin Islands Public Television Systems, the Government Employees Retirement System or a hospital under the jurisdiction of the Virgin Islands Hospitals and Health Facilities Corporation, for cause, he shall furnish the employee with a written statement of the charges against him. The employee shall have ten days following the date of receipt of the statement of charges to appeal the proposed action to the Public Employees Relations Board. The appeal must be in writing, and the Board must provide a copy to the department head, the agency head or the Chief Executive Officer, as the case may be, and the Attorney General.

> *See* Act No. 6815, § 1 (V.I. Reg. Sess. 2005).

*Richards v. PERB and VIPD*
S. Ct. Civ. No. 2023-0010
Opinion of the Court
Page 26 of 38

2024 VI 37

argument that § 530(a) was unambiguous that it was applicable only to the four entities listed therein. This argument is unavailing. As discussed above, a limiting interpretation of § 530 prior to the 2005 amendment as suggested by the VIPD would lead to absurd results and must be avoided. Additionally, the VIPD never addressed and failed to acknowledge that the 2005 amendment was consistent with the Legislature's intent to provide this statutory avenue of relief to more, rather than fewer, public employees by adding more instrumentalities to the statute: Waste Management Authority, the Magens Bay Authority, the Virgin Islands Housing Authority, the University of the Virgin Islands, the Virgin Islands Public Television Systems, and the Government Employees Retirement System. In sum, the rewriting of § 530(a) in 2005 was to better illuminate the Legislature's intent to provide this statutory avenue of relief to more, rather than fewer, public employees.[29]

¶ 34 Thus, the interpretation that § 530(a) was applicable to all regular employees of the executive departments of the Government of the Virgin Islands, in addition to the regular employees of the four entities listed therein, is the more reasonable interpretation consistent with the legislative intent and produces a coherent statutory scheme.

### 3. Separation of Powers Doctrine

¶ 35 When the United States Congress enacted the Revised Organic Act of 1954, it "not only delegated certain powers to the Government of the Virgin Islands, but also established a system of

---

[29] This conclusion is supported by the Legislature's subsequent enactment of Act No. 7144 in 2009, which expanded § 530 again by extending it to "[a]ny other entity established within the executive branch whose staff includes regular employees." Act No. 7144, § 1 (V.I. Reg. Sess. 2009).

*Richards v. PERB and VIPD*
S. Ct. Civ. No. 2023-0010
Opinion of the Court
Page 27 of 38

2024 VI 37

separation of powers within its branches, with executive functions vested in the Executive Branch, legislative functions vested in the Legislative Branch, and judicial functions vested in the Judicial Branch." *Balboni v. Ranger Am. of the V.I., Inc.*, 70 V.I. 1048, 1084 (V.I. 2019) (citing *Kendall v. Russell*, 572 F.3d 126, 135 (3d Cir. 2009)); *see Martin v. Hunter's Lessee*, 14 U.S. (1 Wheat.) 304, 329 (1816) ("The object of the constitution was to establish three great departments of government; the legislative, the executive, and the judicial departments. The first was to pass laws, the second to approve and execute them, and the third to expound and enforce them."). "Unless otherwise expressly provided or incidental to the powers conferred, the Legislature cannot exercise either executive or judicial power; the executive cannot exercise either legislative or judicial power; [and] the judiciary cannot exercise either executive or legislative power." *Bryan v. Fawkes*, 61 V.I. 201, 212 (V.I. 2014) (quoting *Springer v. Gov't of the Philippine Islands*, 277 U.S. 189, 201-02 (1928)).

¶ 36    This Court rejects the VIPD's contention that any interpretation of § 530(a), other than an interpretation consistent with the January 27, 2023 Order, violates the separation of powers doctrine. The "[i]nterpretation of a statute...is unquestionably within the jurisdiction of the Judicial Branch of the Virgin Islands—within which this Court serves as the court of last resort." *Balboni*, 70 V.I. at 1085 (citing *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177 (1803) (discussing role of the judiciary under separation of powers and concluding that "[i]t is emphatically the province and duty of the judicial department to say what the law is")). Furthermore, as explained above, this Court has not added any language to § 530(a) that did not already exist. *See Thomas*, 69 V.I. at 925 ("add[ing] language into ... [a] statute that does not

*Richards v. PERB and VIPD*
S. Ct. Civ. No. 2023-0010
Opinion of the Court
Page 28 of 38

2024 VI 37

currently appear in it … is an exercise [courts] cannot undertake under the guise of construing the statute") (quoting *Sonson v. People*, 59 V.I. 590, 601-02 (V.I. 2012)).

### 4. The Superior Court Erred

¶ 37    For the reasons stated above, regardless of whether the language of § 530(a) was unambiguous or ambiguous, the Superior Court erred when it affirmed the 2004 PERB Order dismissing with prejudice Richards' suspension appeal pursuant to § 530(a) for lack of jurisdiction. Given this finding, this Court need not reach the merits of Richards' argument that subsequent amendments to § 530(a) were retroactive to 1977.

### D. Richards' Waiver Argument

¶ 38    As noted above, the parties also dispute whether the VIPD waived its argument that Richards' union membership precluded her from seeking relief under § 530(a).

¶ 39    Title 3, § 530a(b) of the Virgin Islands Code provides that "[i]n a review by appeal under this section, all questions of fact determined by the PERB shall be conclusive, if supported by substantial evidence in the record considered as a whole" and that "[n]o objection not made before the PERB shall be considered in a review by the Superior Court, unless the failure to make the objection is excused by the court because of extraordinary circumstances." 3 V.I.C. § 530a(b).

¶ 40    A review of the records in the present proceedings reveals that while the VIPD did initially object to Richards seeking relief under § 530(a) in the Suspension Matter before the PERB due to her union membership, the VIPD subsequently retracted its objection at the November 9, 2004 hearing held therein.[30] Black's Law Dictionary defines "retraction" as "[t]he act of taking or

---

[30] *See supra* note 6.

*Richards v. PERB and VIPD*
S. Ct. Civ. No. 2023-0010
Opinion of the Court
Page 29 of 38

2024 VI 37

drawing back" and "[t]he act of recanting; specif., an official statement that something one said previously is not true." Black's Law Dictionary (12th ed. 2024), *available at* Westlaw.

¶ 41    Thus, once the VIPD retracted its objection, the objection was no longer before the PERB. This is supported by the fact that the 2004 PERB Order never addressed this objection. The 2004 PERB Order's summary of the VIPD's argument did not mention such an objection and only stated that "Respondent [the VIPD] argued that: the PERB does not have jurisdiction to hear Appellant[] [Richards'] appeal because she is not employed by any of the government agencies listed in Title 3, Virgin Islands Code, Section 530(a)." (2004 PERB Order.)

¶ 42    It is not procedurally sound to recognize or rely upon this retracted objection of the VIPD as previously raised in the Suspension Matter, because it would promote gamesmanship in the appellate practices before the PERB—to wit, a party could simply raise any and all objections just to cover its bases, then retract the objections later, knowing that said objections were preserved for the purpose of subsequent review before the Superior Court. This would be problematic in and of itself because, under such circumstances, the retracted objections would not be considered by the PERB and thus no proper determination would be made by the PERB prior to the subsequent review before the Superior Court.

¶ 43    The VIPD's argument that Richards' union membership precluded her from seeking relief under § 530(a) is therefore treated as not having been made before the PERB due to the VIPD's retraction of that claim, and such an argument "shall [not] be considered in a review by the Superior Court, unless the failure to make the objection is excused by the court because of extraordinary circumstances." 3 V.I.C. § 530a(b).

*Richards v. PERB and VIPD*
S. Ct. Civ. No. 2023-0010
Opinion of the Court
Page 30 of 38

2024 VI 37

¶ 44    A review of the records in these proceedings further reveals that, in the 2004 Superior Court Case, the VIPD did not present any extraordinary circumstances excusing its failure to reassert this objection after its retraction before the PERB and, thus, the Superior Court did not make any findings relating thereto. The language of § 530a(b) is plain and unambiguous that under these circumstances—when the objection was not made before the PERB and the failure to make the objection was not excused by extraordinary circumstances—such an objection shall not be considered in a review by the Superior Court since the "shall" language "'normally serves to create an obligation impervious to judicial discretion.'" *In re Asbestos, Silica & Catalyst Dust Claims I*, 75 V.I. 173, 176 (V.I. Super. Ct. 2021) (quoting *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998)). Thus, no further inquiry regarding § 530a(b) is required, and the Court will give effect to the plain words of the statute. *See Thomas*, 69 V.I. at 925; *see also, Codrington*, 57 V.I. at 185.

¶ 45    This, in turn, means that the VIPD's argument that Richards' union membership precluded her from seeking relief under § 530(a) was not raised before the Superior Court. This VIPD argument is therefore deemed waived on this appeal unless exceptional circumstances are shown to exist. *See* V.I.R.APP.P. 4(h) ("Only issues and arguments fairly presented to the Superior Court may be presented for review on appeal; provided, however, that when the interests of justice so require, the Supreme Court may consider and determine any question not so presented."); *see also,* V.I.R.APP.P. 22(m) ("Issues that were (1) not raised or objected to before the Superior Court, (2) raised or objected to but not briefed, or (3) are only adverted to in a perfunctory manner or unsupported by argument and citation to legal authority, are deemed waived for purposes of appeal, except that the Supreme Court, at its option, may notice an error not presented that affects

*Richards v. PERB and VIPD*
S. Ct. Civ. No. 2023-0010
Opinion of the Court
Page 31 of 38

2024 VI 37

substantial rights."); *V.I. Port Auth. v. Joseph*, 49 V.I. 424, 428 (V.I. 2008) ("It is well established that failure to raise an issue in the [trial] court constitutes a waiver of the argument on appeal. There is an exception to the general rule of waiver where exceptional circumstances are shown to exist.") (internal quotation marks and citations omitted). Exceptional circumstances exist when "public interest requires that the issues be heard, or manifest injustice would result from the failure to consider such issues." *Moore v. Walters*, 61 V.I. 502, 510 (V.I. 2014) (quoting *V.I. Port Authority*, 49 V.I. at 428 (V.I. 2008) (quoting *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 799 (3d Cir. 2001))); *see also Hormel v. Helvering*, 312 U.S. 552, 557 (1941) ("There may always be exceptional cases or particular circumstances which will prompt a reviewing or appellate court, where injustice might otherwise result, to consider questions of law which were neither pressed nor passed upon by the court or administrative agency below.").

*Richards v. PERB and VIPD*          2024 VI 37
S. Ct. Civ. No. 2023-0010
Opinion of the Court
Page 32 of 38

¶ 46    Here, the VIPD did not present this Court with any exceptional circumstances that warrant a departure from the general rule;[31] thus, the VIPD's argument that Richards' union membership precluded her from seeking relief under § 530(a) is deemed waived on this appeal and will not be considered by this Court.[32] *See Etienne v. Etienne*, 56 V.I. 686, 691-92 (V.I. 2012)

---

[31] In its appellee brief, the VIPD—citing to § 530a(b)—claims that the following constitutes extraordinary circumstances: (i) Richards' failure to prosecute the 2004 Superior Court Case "for 18 years" and only proceeded to prosecute "upon the [Superior] Court's prompting" and (ii) Richards is judicially estopped from seeking relief under § 530(a). This Court disagrees. First, § 530a(b) is not applicable to this Court since it governs a review by the Superior Court. *See* 3 V.I.C. § 530a(b) ("No objection not made before the PERB shall be considered in a review by the **Superior Court**, unless the failure to make the objection is excused by the court because of extraordinary circumstances.") (emphasis added). Nevertheless, as noted above, this Court recognizes that exceptional circumstances may warrant a departure from the general rule of waiver. Second, the VIPD failed to explain why the circumstances presented are exceptional—to wit, there was no discussion that the public interest requires this argument to be heard or that manifest injustice would result from the failure to consider this argument. *See Moore*, 61 V.I. at 510. "It is not the Court's job to research and construct legal arguments open to parties ... In order to develop a legal argument effectively, the facts at issue must be bolstered by relevant legal authority; a perfunctory and undeveloped assertion is inadequate." *V.I. Taxi Association v. West Indian Company, Limited*, Super. Ct. Civ. No. 551/2016 (STT), 2016 V.I. LEXIS 170, at *4 (V.I. Super. Ct. 2016) (unpublished; citation omitted). As such, this Court declines to make such argument on the VIPD's behalf. *See Encarnacion v. Testamark*, S. Ct. Civ. No. 2020-0118, ___ V.I. ___ , 2023 V.I. Supreme LEXIS 12, at *8-9 (V.I. Sept. 8, 2023) ("This Court has repeatedly emphasized that our adversarial system of justice is premised on the parties presenting facts and legal arguments before a neutral and relatively passive judge, and that it is extraordinarily disfavored for courts to forsake their roles as arbiters of legal questions presented and argued by the parties before them and instead sit as self-directed boards of legal inquiry and research.") (internal quotation marks omitted). Lastly, this Court reminds the VIPD that it chose to retract its objection to Richards seeking relief under § 530(a) due to her union membership in the Suspension Matter before the PERB, and it never reasserted this objection. *See supra* note 6.

[32] As noted *infra*, the VIPD appears to conflate the argument it previously raised before the PERB in 2004 with its judicial estoppel argument. The record shows that, in contrast to its judicial estoppel argument, the VIPD's 2004 argument was that Richards' union membership alone precluded her from seeking relief under § 530(a); there was no mention that Richards was covered by a collective bargaining agreement. *See supra* note 6. That is because the collective bargaining agreement mentioned in the VIPD's judicial estoppel argument was not executed by the United Steelworkers Union and the Government of the Virgin Islands until 2006.

*Richards v. PERB and VIPD*
S. Ct. Civ. No. 2023-0010
Opinion of the Court
Page 33 of 38

2024 VI 37

(rejecting arguments as waived where circumstances were not exceptional and the arguments could have been raised at the trial level); *see also, Gardiner v. Diaz*, 58 V.I. 199, 206 n.7 (V.I. 2013) (declining to reach Gardiner's contractual counterclaim because of his failure to raise the issue in the first instance and the circumstances were not exceptional).

### E. The VIPD's Judicial Estoppel Argument

¶ 47    This Court previously acknowledged that judicial estoppel is a common-law doctrine that prevents a party from adopting inconsistent positions when doing so would constitute a fraud on the court. *See Sarauw v. Fawkes*, 66 V.I. 253, 260 (V.I. 2017) (citing *Walters v. Walters*, 60 V.I. 768, 775 n.7 (V.I. 2014); *Fontaine v. People*, 56 V.I. 571, 583 n.7 (V.I. 2012) (quoting *Boston v. Gov't of the V.I.*, 46 V.I. 520, 526 (D.V.I. App. Div. 2005)). In *Sarauw*, after conducting a *Banks* analysis,[33] this Court concluded that "the judicial estoppel doctrine will preclude a party from

---

Assuming, *arguendo*, that the VIPD's 2004 argument was not waived on this appeal, it must be rejected. In its appellee brief, the VIPD fails to cite to any authority or provide any support for its proposition that Richards "being a union member and not filing a union grievance" precluded her from seeking relief under § 530(a). Even a review of the VIPD's 2022 opposition brief filed in the 2004 Superior Court Case, which was referenced in its appellee brief, did not clarify the VIPD's reasoning since it focused on the later-executed 2006 collective bargaining agreement. (J.A. 10). Again, this Court declines to make such argument on the VIPD's behalf. *See V.I. Taxi Association*, 2016 V.I. LEXIS 170, at *4; *see also, Encarnacion*, 2023 V.I. Supreme LEXIS 12, at *8-9.

[33] In *Banks v. Int'l Rental & Leasing Co.*, this Court instructed that a three-part analysis is necessary when considering a question not foreclosed by prior precedent from this Court. 55 VI. 967 (V.I. 2011). As this Court previously explained,

The first step in the analysis — whether any Virgin Islands courts have previously adopted a particular rule — requires [a court] to ascertain whether any other local courts have considered the issue and rendered any reasoned decisions upon which litigants may have grown to rely. The second step — determining the position taken by a majority of courts from other jurisdictions — directs the [court] to consider all potential sides of an issue by viewing the potentially different ways that other states and territories have resolved a particular question. Finally, the third step in the *Banks* analysis — identifying the best rule for the Virgin Islands — mandates that the [court] weigh all persuasive

*Richards v. PERB and VIPD*                    2024 VI 37
S. Ct. Civ. No. 2023-0010
Opinion of the Court
Page 34 of 38

asserting a position on a question of fact or a mixed question of law and fact that is inconsistent with a position taken by that party in a previous judicial proceeding if the totality of the circumstances compels such a result." 66 V.I. at 264-65. This Court directed that "[i]n conducting this inquiry, a court must focus on the impact that allowing the inconsistent claims would have on the judicial process, which may include considering the extent of the inconsistency (including any reasonable explanations that would harmonize both positions), whether the party has received an unfair advantage or benefit from asserting the inconsistent claims, and whether another court has already relied on the claim made in the first proceeding" but emphasized that "these factors are neither exclusive nor exhaustive, and that a court may consider any relevant factor in light of the particular situation before it." *Id.*, at 265. "Because of the harsh results attendant with precluding a party from asserting a position that would normally be available to the party, judicial estoppel must be applied with caution." *Id.*, at 266 (quoting *Lowery v. Stovall*, 92 F.3d 219, 224 (4th Cir. 1996)).

¶ 48    Although not directly stated, implicit in the VIPD's argument is the premise that, because Richards had previously asserted in her termination review cases that she was a union member covered by a collective bargaining agreement and received backpay based thereupon, Richards is judicially estopped from adopting an inconsistent position in this appeal—that she was not a union member and not covered by a collective bargaining agreement when she appealed her suspension to the PERB in 2004—and thereby judicially estopped from seeking relief under § 530(a).

---

authority both within and outside the Virgin Islands, and determine the appropriate common law rule based on the unique characteristics and needs of the Virgin Islands.

*Sarauw*, 66 V.I. at 260-61 (citing *Gov't of the V.I. v. Connor*, 60 V.I. 597, 603-04 (V.I. 2014) (internal citations omitted).

*Richards v. PERB and VIPD*
S. Ct. Civ. No. 2023-0010
Opinion of the Court
Page 35 of 38

2024 VI 37

¶ 49    Before reaching the merits of the VIPD's judicial estoppel argument, this Court must first consider whether it has been waived. The judicial estoppel argument is distinct from the VIPD's 2004 argument that Richards' union membership alone precluded her from seeking relief under § 530(a). The VIPD appears to have conflated the two arguments when it indicated in its appellee brief and at the May 14, 2024 oral argument that the "union membership argument" was raised in 2004 and then again in 2022. The VIPD could not have raised the judicial estoppel argument back in 2004 since Richards did not assert that she was a union member covered by a collective bargaining agreement and did not receive backpay based thereupon until her subsequent termination review cases. Thus, given that the VIPD raised this argument in its 2022 opposition brief in the 2004 Superior Court Case, it is not waived on this appeal. *See* V.I.R.APP.P. 4(h) & 22(m).

¶ 50    Turning to the merits of the VIPD's judicial estoppel argument, it must fail. Notably, aside from simply restating Richards' appellate brief to point out that Richards conceded that only "[r]egular employees... who are not bound to grievance procedures in a collective bargaining agreement may challenge adverse employment actions under 3 V.I.C. § 530(a)" and asserting that she was a union member covered by a collective bargaining agreement and received backpay based thereupon, the VIPD never explained the significance of Richards being covered by a collective bargaining agreement. Based on its briefing of the issue, the VIPD appears to argue that Richards' only recourse to challenge her suspension was mandatory arbitration under the collective

*Richards v. PERB and VIPD*      2024 VI 37
S. Ct. Civ. No. 2023-0010
Opinion of the Court
Page 36 of 38

bargaining agreement's grievance procedure, and thus Richards is precluded from seeking relief under § 530(a).[34]

¶ 51    However, the VIPD concedes in its appellee brief that Richards was not covered by a collective bargaining agreement in 2004 when it admitted that that "[t]he USW and the Government [of the Virgin Islands] executed a [collective bargaining agreement] in 2005." (Appellee's Br. 24). A review of the record further supports the conclusion that Richards was not covered by a collective bargaining agreement in 2004: (i) In 1998, the Government of the Virgin Islands and the Transportation Technical Warehouse Industrial and Service Employees Union Affiliated with American Maritime Officers (District 2A-AMO) (hereinafter "District 2A-AMO") executed a collective bargaining agreement commencing on October 1, 1995 and expiring on September 30, 1999 (hereinafter "1995 CBA"); (ii) Upon the expiration of the 1995 CBA, the

---

[34] In its appellee brief, the VIPD stated that "nothing in the record suggests that she tried to file a grievance or was advised to file an appeal in the PERB because of the union situation." In its 2022 opposition brief filed in the 2004 Superior Court Case, which was referenced in its appellee brief, the VIPD explained:

2. Richards is Judicially Estopped from Asserting Jurisdiction

...The PERB did not have jurisdiction over [Richards'] Suspension Appeal because she was a Supervisors' Union member covered by the CBAs. The CBAs expressly state that its grievance and arbitration procedure are the exclusive means of redress for its members. And there is no evidence that [Richards] used the CBAs' redress procedure. [Richards] cannot now disclaim her former membership in the union for jurisdictional purposes when she has received backpay because of that former membership.

...

If this Court allowed [Richards] to proceed with this case, it would contradict well-settled case law that enforces mandatory arbitration in collective bargaining agreements... It would be unfair to [the VIPD] to allow [Richards] to rely on her former union membership to receive back pay before the PERB, then skirt that former membership to assert PERB jurisdiction here to receive more back pay. Thus, this Court should find that [Richards] is judicially estopped from asserting PERB jurisdiction here...

(J.A. 11-13).

*Richards v. PERB and VIPD*                                                    2024 VI 37
S. Ct. Civ. No. 2023-0010
Opinion of the Court
Page 37 of 38

parties—by stipulation—extended the 1995 CBA on a day-to-day basis until the provisions of a new contract is executed; (iii) The Government of the Virgin Islands subsequently construed District 2A-AMO's September 20, 2002 letter as a cancellation of their day-to-day stipulation and their day-to-day stipulation was canceled; and (iv) In 2006, the Government of the Virgin Islands and the United Steelworkers Union (hereinafter "USW") executed a collective bargaining agreement commencing on October 1, 2005 and expiring on September 30, 2008. (J.A. 179-187, 190-191).

¶ 52    Thus, contrary to the VIPD's argument, Richards is not adopting an inconsistent position in this appeal by asserting that she was not a union member and not covered by a collective bargaining agreement when this matter arose in 2004. Instead, the differing positions taken by Richards in her termination review cases and here simply reflected the changed circumstances from 2004 to 2006 due to the execution of the collective bargaining agreement between the Government of the Virgin Islands and the USW in 2006.

¶ 53    Based on the foregoing, this Court rejects the VIPD's judicial estoppel argument.

### III. CONCLUSION

¶ 54    The Superior Court committed reversible error in its January 27, 2023 Order when it interpreted § 530(a) as being applicable only to the regular employees of "the Government Development Bank, the Virgin Islands Water and Power Authority the Virgin Islands Port Authority, [and] a hospital under the jurisdiction of the Virgin Islands Hospitals and Health Facilities Corporation," and thus erred when it affirmed the 2004 PERB Order dismissing with prejudice Richards' suspension appeal pursuant to § 530(a) for lack of jurisdiction. Deeming the VIPD's objection to Richards' seeking relief under § 530(a) in the Suspension Matter waived, and

*Richards v. PERB and VIPD*
S. Ct. Civ. No. 2023-0010
Opinion of the Court
Page 38 of 38

2024 VI 37

rejecting the VIPD's judicial estoppel arguments, this Court reverses the January 27, 2023 Order

and remands this matter to the Superior Court for further proceedings consistent with this opinion.

**Dated this 27th day of December, 2024.**

BY THE COURT:

**HAROLD W.L. WILLOCKS**
**Associate Justice**

ATTEST:

**VERONICA J. HANDY, ESQ.**
**Clerk of the Court**

By: _____

**Deputy Clerk II**
Dated: 12/27/24