# IN THE SUPERIOR COURT THE VIRGIN ISLANDS

## DIVISION OF ST. THOMAS AND ST. JOHN

NEWREZ LLC d/b/a SHELLPOINT              )
MORTGAGE SERVICING                       )          CASE NO. ST-2025-CV-00138
                                         )
                    Plaintiff,           )          ACTION FOR DEBT and
                                         )          FORECLOSURE OF REAL PROPERTY
                    v.                   )
                                         )
ESTATE OF SUZY AMBER GREEN,              )
by and through its Executrix,            )
Cynthia M. Zeki a/k/a Cynthia Zeki;      )
CYNTHIA M. ZEKI, individually;           )
EWAN ERNEST HARNEY a/k/a                  )
EWAN E. HARNEY                           )
a/k/a EWAN HARNEY; and                   )
ANY AND ALL UNKONW HEIRS,                )
Beneficiaries, Devisees, Creditors,      )
Grantees, Assignees, Lienors, Trustees,  )
And All Other Parties Claiming an        )
Interest by, through, under or against   )
the Estate of Suzy Amber                 )
Green, Deceased;                         )
                                         )
                    Defendants.          )
                                         )
_____  )

### 2025 VI Super 30U[1]

**MATTHEW R. REINHARDT, ESQUIRE**
**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
**St. Thomas, VI**
*Counsel for Plaintiff, Newrez, LLC d/b/a Shellpoint Mortgage Servicing*

---

[1] The present opinion has been designated unpublished for several reasons. There is little binding precedent from the Virgin Islands Supreme Court addressing what efforts in fact constitute "Due Diligence." There is also a lack of precedent addressing whether service by a disinterested person constitutes a requirement the violation of which is a fundamental error rendering any default judgment void (or whether such error is merely voidable upon a party's motion). Further, due to the procedural posture, there is no opposing party, which leaves the Court without the benefit of briefing from opposing viewpoints and the accompanying explication of the law. While no single decision of a Judge of the Superior Court is binding upon another judge, stare decisis dictates that the same judge follow prior precedent when presented with materially indistinguishable facts. However, this Court is hesitant to bind itself with its own precedent without the benefit of the sort of complete briefing that occurs when there are opposing parties.

2025 VI Super 30U

**MALORIE WINNE DIAZ, ESQ.**
**DUDLEY RICH LLP**
**St. Thomas, VI**
*Counsel for Estate of Suzy Amber Green*

**CYNTHIA M. ZEKI**
**St. Thomas, VI**
*Pro Se*

## MEMORANDUM OPINION AND ORDER

¶1 THIS MATTER is before the Court on Plaintiff's "Motion for Extension of Time to Serve Defendants by Publication," filed on August 14, 2025. For the following reasons, ruling on the motion is deferred; and Plaintiff is ordered to, within 30 days, either submit amended proof of service and/or Due Diligence or complete service or process.

## BACKGROUND

¶2 On April 15, 2025, Plaintiff, Newrez, LLC d/b/a Shellpoint Mortgage Servicing ("Newrez"), commenced[2] this action, asserting claims for "Debt" (Count I), "Foreclosure of All Liens" (Count II), and to "Quiet Title" (Count III).[3] Newrez asserted claims against the Estate of Suzy Amber Green ("Decedent"), represented by Cynthia M. Zeki as estate administrator;[4] Cynthia M. Zeki, individually as a beneficiary of the Decedent's will; the Decedent's heir, Ewan Ernest Harney ("Ewan"), and any and all unknown heirs and any other party claiming an interest in the real property of the Estate.[5] Ewan is understood to reside in Orlando, Florida.[6]

---

[2] V.I.R. Civ. P. 3 (action commenced with filing complaint).
[3] Compl., pp. 1, 5-6.
[4] For clarity, Green is referred to as "Decedent"; and the Estate of Green is referred to as "Estate."
[5] Compl., p. 1, para 4, 7, 8.
[6] Compl, para 8

2025 VI Super 30U

**¶3**     On June 24, 2005, the Decedent had executed a note (filed as Exhibit C to the complaint) for the principal sum of $128,000 with interest charged at 5.875% annually, and repayment to be made by monthly installments.[7]   Repayment of this note was secured by a mortgage (filed as Exhibit D to the complaint) upon a parcel of real property described as 74 Estate Altona & Welgunst,[8] located on St. Thomas, USVI ("Mortgaged Property").[9]  The note identified the address of the Decedent as that of the Mortgaged Property, and payments were to be made at the lender's address.[10]  Notice of default was mailed to the Decedent at the Mortgaged Property.[11]

**¶4**     Plaintiff identified Zeki's mailing address as 2528 Argyle Street, Chicago, IL 60625.[12]  The Estate is represented by counsel.  Ewan is reported to live at 59 Queen Street, Frederiksted, St. Croix, VI 00840.[13]  For the unknown heirs of the Decedent, Plaintiff indicated that, if they exist, they reside on St. Thomas.

**¶5**     On August 14, 2025, Plaintiff filed an affidavit of Marlon Richardson stating that the Estate was served with process by delivering the summons and complaint to its counsel.[14]  On that same date, a second affidavit of Marlon Richardson was filed stating that Cynthia Zeki was served at 74 Altona & Welgunst on St. Thomas on July 26, 2025.[15]   Both affidavits declare that Marlon Richardson is not a party to this Case.

---

[7] Compl., para 9.
[8] This parcel will be referred to as the "Mortgaged Property."
[9] Compl., para 11
[10] Comp., Ex. C, p. 1
[11] Compl., Ex. G
[12] Case Information and Litigant Data Form for Defendants 1 and 2.
[13] Case Info. And Litigant Data Form for Defendants 3 and 4.
[14] Notice of Filing Affidavit of Service, Ex. 1, Aug. 14, 2025.
[15] Notice of Filing Affidavit of Service, Ex. 2.

2025 VI Super 30U

**¶6**    Also submitted was a "Return of Non-service" completed by Daniel Landol, a process server with ACER Legal Resources, Inc. in Orlando, FL.[16]  What was submitted was not declared under penalty of perjury and expressly declared that a "notary not required pursuant to F.S. 92.525(2)."  This document states that service was attempted on Ewan at 6648 Mission Club Blvd, Apt. 305, Orlando, FL 32821.[17]  Attempts were made to personally serve Ewan on June 26 and 28, 2025, and July 4, 8, 9, 2025, with no success.  The process server declares that they do not have an interest in this Case.  There is nothing to indicate service was attempted at 59 Queen Street, Frederiksted, St. Croix, VI.

**¶7**    The unknown heirs and people claiming an interest in the Mortgaged Property were served by delivering a summons and complaint to Thomas Fierson, at 74 Altona in Frenchtown on St. Thomas, VI.[18]

**¶8**    On August 14, 2025, Plaintiff filed a motion seeking permission to serve Defendants Ewan and the unknown heirs and any others claiming an interest in the Mortgaged Property by constructive service by publication in a newspaper of general circulation in the Virgin Islands.[19]  No additional affidavit has been submitted in support of the motion.

### ANALYSIS

**¶9**    The ultimate goal of service by publication is to move the litigation toward resolution by default judgment.[20]  Therefore, the Court must ensure that the proper foundation for a valid "Final

---

[16] Notice of Filing Affidavit of Service, Ex. 3.

[17] Id.

[18] Id. ex. D.

[19] Motion for Extension of Time to Serve Defendnats by Publication, p. 1.

[20] The Court acknowledges that the Defendants could ultimately receive legal notice and respond.  However, courts are not in the business of issuing void judgments.  *Skepple v. Bank of N.S.*, 60 V.I. 700, 732 (V.I. 2018) ("If the trial court never obtained personal jurisdiction over [the defendant], any default judgment issued pursuant to entry of default] is void and must be set aside as a matter of law; said differently, **the trial court lacks discretion to decline**

Judgment"[21] has been laid.[22]  There are four requirements to a valid judgment: (1) subject matter jurisdiction, (2) personal jurisdiction, (3) a judgment limited to issues and relief sought in the pleading, and (4) compliance generally with due process (or said differently, the judgment is not otherwise void for lack of due process).[23]  At this stage in the litigation, only the first two requirements are relevant.

---

**to set aside a judgment that is void.**" (emphasis added) (citing *Ernest v. Morris*, 64 V.I. 627, 638-39 (V.I. 2016))). As such, it is the best practice to examine whether there is subject matter jurisdiction and prima facie proof of service of process at the outset thereby avoiding future collateral attacks on any default judgment that may be entered.  This approach is supported by the Virgin Islands Supreme Court's holding in *Skepple*, 60 V.I. at 733 (reviewing the record to determine whether prima facie proof of service failed on the face of the record and holding that courts lack discretion to deny a request to vacate a void judgment).

[21] *Id.* at 714 & n.5 ("A 'Final Order' ends the litigation on the merits, leaving nothing else for the court to do except execute the judgment.  The entry of a Final Order implicitly denies all pending motions, and all prior interlocutory orders merge with the Final Order." (citing *Simpson v. Bd. of Dirs. of Sapphire Bay Condo. W.*, 62 V.I. 728, 731 (V.I. 2015); *Ramirez v. People*, 56 V.I. 409, 416 (V.I. 2012) and citations in footnote)); *see generally Penn v. Mosley*, 67 V.I. 879, 891 n.4 (V.I. 2017) (discussing the distinctions between a judgment, order, and decree); *Miller v. Sorenson*, 67 V.I. 861, 871-72 (V.I. 2017) (same); *Gov't of the V.I. v. Crooke*, 54 V.I. 237, 249-52 (V.I. 2010) (adopting Collateral Order rule for establishing a Final Judgment); *e.g.*, *Demming v. Demming*, 66 V.I. 502, 506 (V.I. 2017) (holding that a divorce decree is a final judgment); *Cianci v. Chaput*, 68 V.I. 682, 688 (V.I. 2016) (quoting *Matter of Estate of George*, 59 V.I. 913, 919 (V.I. 2013) ); *Williams v. People*, 58 V.I. 341, 347-48 (V.I. 2013) (holding that a stay of execution of judgment does not render an order non-final).

[22] *See Skepple*, 60 V.I. at 724 ("'[I]n all instances the jurisdiction of the court rendering the judgment may be inquired into, and . . . allow the defendant to show that the court had no jurisdiction over his person.'  Therefore, even though [a defendant] has waived this argument, [the Court] must consider whether the default judgment was entered without the trial court having first obtained personal jurisdiction over [the defendant] because the issuance of a judgment by a court that has not obtained personal jurisdiction over a defendant is not a valid exercise of judicial power, and the judgment is premised on a fundamental error."  (quoting *Thompson v. Whitman*, 85 U.S. (18 Wall.) 457, 463 (1874), and citing *Bigelow v. Old Dominion Copper Mining & Smelting Co.*, 225 U.S. 111, 139 (1912))); *id.* at 722 ("Default judgments are disfavored, and a doubtful case should be resolved in favor of vacating the default and proceeding to a decision on the merits." (citations omitted)).

[23] *Id.* at 718; *see also Reynolds v. Stockton*, 140 U.S. 254, 268 (1891).

2025 VI Super 30U

## I.        Subject Matter Jurisdiction

¶10     The parties to a case cannot stipulate to the law;[24] and every Court has the obligation to ensure it is only acting within its granted authority.[25]  Therefore, the Court first considers whether this is anything in the record requiring this Court to refrain from acting.  Section 76 of title 4 of the Virgin Islands Code provides that the Superior Court is a court of "general jurisdiction."[26]  When the Legislature uses legal terminology, it is presumed the Legislature understood and intended to incorporate any existing meaning and presumptions, as Legislatures are presumed to know the law as it exists and legislate with that knowledge in mind.[27]  Courts of

---

[24] *Davis v. People*, 78 V.I. 624, 638 (V.I. 2023) ("This Court has repeatedly cautioned that parties may not, through explicit agreement or implicitly by omission, stipulate to the law; and thus, the Superior Court possesses an obligation to apply the law correctly and not blindly follow the erroneous interpretations proffered by the parties." (internal quotations and alterations omitted) (citing *Simmonds v. People*, 59 V.I. 480, 493 (V.I. 2013); *Heywood v. People*, 63 V.I. 846, 855 (V.I. 2015))); *Henry v. Dennery*, No. S.CT.CIV. 2012-0130, 2013 WL 206128, at *2 (V.I. Jan. 11, 2013) (unpublished))).

[25] *Brunn v. Dowdye*, 59 V.I. 899, 904 (2013) ("Prior to considering the merits of a matter before it, a court is obligated to examine whether it has subject matter jurisdiction over the dispute.  [If] the pertinent [statutory] provisions . . . are jurisdictional, the Superior Court correctly questioned whether the statute's requirements were satisfied." (citing *V.I. Gov't Hosp. & Health Facilities Corp. v. Gov't of the V.I.,* 50 V.I. 276, 279 (V.I. 2008))).

[26] *Evans-Freke v. Evans-Freke*, 75 V.I. 407, 450–51 (V.I. 2021) (Swan, J., Concurring) ("[W]hen the Legislature chose to divest the District Court of subject matter jurisdiction over matters arising under Virgin Islands law, the Superior Court became the only trial court of record with general civil jurisdiction (including Divorce Jurisdiction), and all the common law presumptions and burdens became applicable."); *see* 4 V.I.C. §§ 76(a); 2(a)

[27] *E.g.*, *Alexander v. Wilson*, 73 V.I. 528, 535 (V.I. 2020) (Plaintiff "was not required to preemptively plead in his initial complaint any facts in anticipation of the defendants asserting non-compliance with the VITCA.  [I]t is well-established that a court of general jurisdiction is presumed to possess subject-matter jurisdiction . . . ."  (citation omitted)); *see Greer v. People*, 74 V.I. 556, 583 (2021) ("[A] codification of a common law crime is presumed to incorporate the substance of the common law." (citing *Wallace v. People,* 71 V.I. 704, 763 (V.I. 2019) (Swan, J., concurring); *United States v. Wells,* 519 U.S. 482, 491 (1997); *United States v. United States Gypsum Co.,* 438 U.S. 422, 436 (1978); *Morisette v. United States,* 342 U.S. 246, 251-52 (1952))); *Baumann v. Pub. Emps. Relations Bd.,* 68 V.I. 304, 339 (V.I. Super. 2018); *State v. Pike,* 49 N.H. 399, 406 (N.H. 1870); *Mayo v. Wilson,* 1 N.H 53, 55 (N.H. 1817); *Thurber v. Blackbourne,* 1 N.H. 242, 245 (N.H 1818))); *Richards v. Pub. Emps. Rels. Bd.,* 2024 VI 37, ¶ 23 ("When enacting a statute, the Legislature is presumed to know the existing state of the law." (alterations and internal quotations omitted) (citing *People v. Looby,* 68 V.I. 683, 696 (V.I. 2018); *Cascen v. People,* 60 V.I. 392, 404 (V.I. 2014)); *Brooks v. Gov't of the V.L,* 58 V.I. 417, 428 (V.I. 2013); *Henderson v. Shinseki,* 562 U.S. 428,435 (2011))); *Cascen,* 60 V.I. at 404-05 (observing that the Legislature "is presumed to know the common law [in existence] before ... [a] statute was enacted" and that because it is also presumed that "statutes are consistent with the common law," courts will "not presume that the Legislature intends to abrogate or modify a common law rule except to the extent expressly declared or clearly indicated" in a statute); *Davis v. People*, S. Ct. Crim. No. 2015-0061, 2015 WL 9255384, at *3 (V.I. Dec. 16, 2015) (unpublished) (legislatures are presumed to know long-standing procedures and practices); *Evans-Freke*, 75 V.I.at 445 (Swan, J., Concurring) ("Lastly, regarding consideration of context, legislatures are

general jurisdiction are presumed to have subject matter jurisdiction over any matter before them.[28] There are certain exceptions to this presumption and laws that would, under specific conditions, require the Court to refrain from acting.[29]

¶11      The record does not facially and obviously reflect any facts giving rise to such an exception to this Court's general jurisdiction[30] or that would otherwise require the Court to refrain from acting. Further, there is nothing of public record that the Court is aware that might have divested subject matter jurisdiction or otherwise required the Court to refrain from addressing this matter. In the absence of an opposing party raising any specific challenge, the Court is satisfied that it is acting within its general jurisdiction.

---

presumed to know the common law of the United States and to have incorporated it in all its relevant aspects into any statutory codification of the common law." (citing *Greer*, 74 V.I. at 582 nn.26-27*; United States v. Arredondo*, 31 U.S. (6 Pet.) 691, 743 (1832))); *Baumann,* 68 V.I. at 339 (observing that it is "presumed that the Legislature enacts statutes with knowledge of the common law and court decisions" addressing a subject (citations omitted)).

[28] *Id.*, *see also Willis v. People*, 71 V.I. 789, 818 (V.I. 2019) (Swan, J., concurring) ("[T]here are certain presumptions that apply with regards to challenges to the trial court's jurisdiction. Courts of general jurisdiction are presumed to have jurisdiction over both the cause of action and the parties, which by extension includes a presumption that process was served correctly. This presumption is dispositive absent contradiction in the record or contradiction by extrinsic evidence." (citing *Milliken v. Meyer*, 311 U.S. 457, 462 (1940); *Hanley v. Donoghue*, 116 U.S. 1, 5 (1885); *Cooper v. Reynolds*, 77 U.S. (10 Wall.) 308, 316 (1870))).

[29] *See generally, e.g.*, *Cianci*, 64 V.I. at 687–88 ("'Congress, in enacting 11 U.S.C. § 362(a) and its predecessor statute, did not divest state and territorial courts of jurisdiction over proceedings against those who have sought bankruptcy protection in federal court.'" (quoting *Brouillard v. DLJ Mortg. Capital, Inc.*, 60 V.I. 763, 765 (V.I. 2014) (collecting cases))).

[30] *Cf. Alexander*, 73 V.I. at 535 (In the Superior Court, a Plaintiff "need not plead jurisdictional facts until jurisdiction is properly drawn into question." (citation omitted)).

2025 VI Super 30U

## II.     Service of Process[31]

¶12     "Due process protects the individual from coercion 'except by lawful judicial power.'"[32] "Because a court cannot have jurisdiction over a defendant unless that defendant . . . had legal notice, when the validity of a default judgment is being challenged, the first line of inquiry should be to ask 'whether the court in which the judgment by default was taken, ever had jurisdiction as to the defendant, so as to warrant the judgment entered against him by default'; 'no person can be bound by a judgment, or any proceeding conducive thereto, to which he never was party or privy; that no person can be in default with respect to that which it never was incumbent upon him to fulfill.'"[33]  Such "[a] violation of due process rights will render a judgment void, and that judgment 'can have no force as to one on whom there has been no **service of process**, actual or constructive, who has had no day in court, and no notice of any proceeding against him.  That with respect to such a person, such judgment is absolutely void; he is no party to it and can no more be regarded as a party than can any and every other member of the community.'"[34]

---

[31] There are four aspects to a court's valid exercise of personal jurisdiction, process, service of process, statutory minimum contacts, and constitutional minimum contacts.  69 V.I. at 732 ("If the Superior Court is properly presented with **a challenge to personal jurisdiction**, whether **it is a challenge to constitutional minimum contacts, long-arm statute jurisdiction, sufficient process, or sufficient service**, the court must hold an evidentiary hearing to resolve any factual dispute between the prima facie evidence contained in the affidavit of service and the evidence (i.e., affidavit presenting facts that, if true, establish service was not properly achieved) as disputed by the party presenting the challenge." (emphasis added) (citations omitted)).  The present matter concerns only service of process.

[32] *Id.* at 724 (quoting *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 877 (2011)).

[33] *Id.* at 729 (quoting *Harris v. Hardeman*, 55 U.S. (14 How.) 334, 339 (1853), and citing *Martinez v. Colombian Emeralds, Inc.*, 51 V.I. 174, 187 (V.I. 2009)).

[34] *Id.* at 718 (quoting *Harris*, 55 U.S.at 339 (emphasis added)).

¶13    Absent waiver or consent, legal notice is achieved only through an authorized[35] method of service of process.[36]    Service of process must be made by a "disinterested" non-party who is 18 years old or older.[37]    "An affidavit is competent evidence to establish service, i.e., legal notice, and the filing of an affidavit asserting facts establishing compliance with the relevant rule of service is prima facie evidence giving rise to a rebuttable presumption of valid service providing legal notice. In cases involving constructive service, the proof of service must contain those facts establishing strict compliance with such statute or court rule."[38]

¶14    A failure to adequately prove service is not the same as a failure of service of process; and a failure to prove service does not render legal notice void.[39]    Additionally, invalid attempts at

---

[35] The Court notes that, in *Skepple*, the V.I. Supreme Court recognized that there are instances when service by a method authorized by statute cannot be achieved (whether due to jurisdictional/legal barriers or a defendant's efforts to avoid service) requiring use of what could be described as service by necessity.  *See generally* 60 V.I. at 734 & n.27 (citing *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1136 (9th Cir. 2009); *Errion v. Connell*, 236 F.2d 447, 457 (9th Cir. 1956) (finding that service is effective when the server "pitched the papers through a hole in the screen door of [defendant's] apartment")).  Consideration of the full scope of an "authorized" method of service is not within the subject of this opinion.  *See generally In re Moorhead*, 2022 VI 20, ¶17 n.1 ("[U]nstated assumptions on non-litigated issues are not precedential holdings binding future decisions.") (quoting *Sakamoto v. Duty Free Shoppers, Ltd.*, 764 F.2d 1285, 1288 (9th Cir. 1985)); *e.g.*, *Mosler v. Gerace*, 2024 VI 1, ¶22.

[36] *Skepple*, 60 V.I. at 726 ("[U]nless a defendant has waived service, the defendant must either have consented to the particular method of service utilized or be served with process by a method that is authorized by law." (citing *Joseph v. Daily News Publ'g Co.*, 57 V.I. 566, 580 n.4 (V.I. 2012))); *see generally id.* at 726-27 & nn.15-16 (citing *Wuchter v. Pizzutti*, 276 U.S. 13, 24 (1928); *Shriver Junior's Lessee v. Lynn*, 43 U.S. (2 How.) 43, 60 (1844)).

[37] V.I.R. Civ. P. 4(c)(1); 4 V.I.C. § 82(d) (must be served by "disinterested person").

[38] *Skepple*, 60 V.I. at 730-31 (citing 5 V.I.C. §§ 698, 696(a)(1), 4911(b); *Molloy v. Independence Blue Cross*, 56 V.I. 155, 172-73 (V.I. 2012); *Gore v. Tilden*, 50 V.I. 50, 236 (V.I. 2008); *Spencer v. Navarro*, Civ. No. 2007–69, 2009 WL 1078144, at *3 (V.I. Apr. 8, 2009) (unpublished); *Thomas v. Bonanno*, Civil No. 2013–06, 2013 WL 3958772, at *6 (D.V.I. 2013) (unpublished)).

[39] V.I.R. Civ. P. 4(l)(3) ("Failure to prove service does not affect the validity of service."); *see Daley-Jeffers v. Graham*, 69 V.I. 931, 940–41 (2018) ("Finally, this Court holds that the Superior Court's dismissal of Daley-Jeffers' claim for insufficient service of process amounted to an abuse of discretion. Daley-Jeffers' motion and exhibits filed in response to Graham's motion to dismiss for insufficient service of process clearly evidenced that she timely remedied her initially deficient service."  The failure to provide such proof to the Court previously was a failure of proof of service.).  "If the Superior Court is . . . presented with a challenge to personal jurisdiction, whether it is a challenge to constitutional minimum contacts, long-arm statute jurisdiction, sufficient process, or sufficient service, the court must hold an evidentiary hearing to resolve any factual dispute between the prima facie evidence contained in the affidavit of service and the evidence (i.e., affidavit presenting facts that, if true, establish service was not properly achieved) as disputed by the party presenting the challenge. A failure to hold an evidentiary hearing is an abuse of discretion."  *Skepple*, 69 V.I. at 732 (citations omitted).  However, where there is no factual dispute and the record plainly discloses

service do not undermine prior or subsequent valid service.[40] As such, a party should generally be given the opportunity to submit corrected proof of service, making denial of an unopposed motion for constructive service (or for entry of default) without prejudice the result most likely to be appropriate.[41] The Court will, therefore, strictly analyze the record and determine whether the proof of service submitted establishes prima facie proof of Due Diligence in order to determine if there is a **failure of proof** of service (**or** a total **failure to act** with Due Diligence).

## A. General Requirements of Service of Process—Disinterested Non-party

¶15 Both statutes and Court rules establish various requirements to accomplish service of process. For example, the Courts' rules require that the person serving process must be "not a party"; and a statute requires the process server be "disinterested."[42] Also, court rules place a 120-day time limit for completion of service of process. Therefore, a discussion of statutory *vis-à-vis* rule interpretation is necessary. The Court then considers the application of those statutes and rules to the present record.

---

a lack of proof of service of process, the Court is obligated to evaluate the record to determine whether service was adequate. *Id.*

[40] *Daley-Jeffers*, 69 V.I. at 940–41 (Plaintiff "timely remedied [their] initially deficient service.").

[41] It is possible that extreme situations may arise where a plaintiff engages in extreme delay without informing the court of efforts to serve process or repeatedly fails to complete service of process that may warrant dismissal with prejudice. However, no such facts are presented here. *See generally Beachside Assocs., LLC v. Fishman*, 53 V.I. 700, 713-16 (2010) ("Therefore, because Beachside failed to provide the trial court with some reasonable basis for its failure to serve Fishman within the time specified by FRCP 4(m), we hold that the trial court did not abuse its discretion in finding in its October 14, 2008 Order that Beachside had not established good cause for an extension under FRCP 4(m).").

[42] *See generally Palermo v. World Fresh Mkt., L.L.C.*, 72 V.I. 415, 427 (V.I. Super. Ct. 2020) ("Section 82(d) of title 4 of the Virgin Islands Code provides that, 'where the law, or the Virgin Islands Rules of Civil Procedure, does not specifically require process to be served by an *officer of the court,* process may be directed to and served by a disinterested person named therein.' Clearly, the law distinguishes between 'officers of the court' who can serve process and subpoenas, and 'disinterested persons authorized and sworn to the truth of the return.'" (quoting 4 V.I.C. § 82(d) (alterations omitted))).

2025 VI Super 30U

### i.      *Principles and Cannons of Interpretation—Court Rules and Statutes*

¶16     Court rules and statutes are generally interpreted by the same method.  Although, rules are interpreted more flexibly with a focus on the rule's purpose in achieving a trial for the truth to meet the ends of justice.

¶17     "[A]ll endeavors of . . . interpretation begin with a thorough consideration of the . . . language, the . . . design, and the object of and policy underlying the statute [or rule], controlled by a presumption that the ordinary meaning of the chosen words manifests the legislative intent [of the statute or purpose of the rule].  The 'plain language,' that is to say, 'the intended meaning of words and phrases is gleaned from linguistic indicators such as subject matter, context, structure, and placement.'"[43]  This Court is to apply the "Dictionary Definition Rule," which requires that:

> the courts of the Virgin Islands, when engaging in statutory interpretation, to first, apply any statutory definitions provided by the Legislature that are specifically applicable to the section, chapter, title, etc. under consideration; second, apply the general definitions provided in section 41 of title 1; third, apply an accumulated legal meaning as articulated in binding precedent; fourth, apply the relevant definition provided in a law dictionary or relevant persuasive authority; fifth, apply relevant technical definitions such as when professional jargon is used; and sixth, apply the common meaning as provided in a dictionary.[[44]]

"No rule [or statute] should be read literally if such a reading is contrary to its objective.  Although literal interpretation is favored, 'the intention prevails over the letter.'  Indeed, this [C]ourt has noted that 'the surest way to misinterpret a statute or a rule is to follow its literal language without reference to its purpose.'  As Justice Roger Traynor stated, we need 'literate, not literal, judges.'"[45]

---

[43] *Littoral Woodlands, LLC v. Henry*, 2025 VI Super 13, ¶63 (alterations and quotations omitted) (quoting *Willis*, 71 VI. at 824-25, 828-29)

[44] *Id.*, ¶66 (quoting *Greer*, 74 V.1. at 580 n.22).

[45] *Gov't of V.I. v. Knight*, 989 F.2d 619, 626–27 (3d Cir. 1993) (quoting 2A N. Singer, *Sutherland Statutory Construction* § 46.07, at 126 (5th ed. 1992); *Coco Bros., Inc. v. Pierce,* 741 F.2d 675, 679 (3d Cir.1984); R. Traynor, *Reasoning in a Circle of Law,* 56 Va. L. Rev. 739, 749 (1970), and citing *Viacom Int'l Inc. v. Federal Communications Comm'n,* 672 F.2d 1034, 1040 (2d Cir.1982); *Acosta v. Honda Motor Co.,* 717 F.2d 828, 831 (3d Cir.1983)); *Gilbert*

¶18    Importantly, Court rules "'are not, and were not intended to be, a rigid code to have an inflexible meaning irrespective of the circumstances.'"[46]  "[C]ourts generally interpret rules of . . . procedure 'in light of the history of their adoption'."[47]  Further, the Virgin Islands Supreme Court has mandated that the Virgin Islands Rules of Civil Procedure "be construed, administered, and employed . . . to secure the just, speedy, and inexpensive determination of every proceeding."[48]  Under this standard, so long as the rule's purpose is not subverted, a rule should be flexibly applied, "bending the rule and softening the harsh result dictated by its literal application."[49]

¶19    When interpreting and applying the Virgin Islands Rules of Civil Procedure, it must always be remembered that "[i]t is . . . entirely contrary to the spirit of the . . . Rules of Civil Procedure for decisions on the merits to be avoided based on such mere technicalities.  'The [Virgin Islands] Rules [of Civil Procedure] reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is

_v. People_, 52 V.I. 350, 356 (V.I. 2009) ("[A]lthough literal interpretation of a statute is favored, the intention prevails over the letter,' and thus 'no statute should be read literally if such a reading is contrary to its objective.'" (alterations and internal quotations omitted) (quoting _Knight,_ 989 F.2d at 626)).

[46] _Knight_, 989 F.2d at 626–27 (3d Cir. 1993) (quoting _Fallen v. United States,_ 378 U.S. 139, 142 (1964), _abrogated on other grounds by Carlisle v. United States,_ 517 U.S. 416, 424 (1996)).

[47] _Corraspe v. People_, 53 V.I. 470, 481 (V.I. 2010) (citation omitted).

[48] V.I.R. Civ. P. 1; _see also_ V.I. Super. Ct. R. 1(a) (The Superior Court rules "are intended to provide for the just determination of causes coming within the jurisdiction of the Court.  They shall be liberally construed to secure simplicity and uniformity in procedure, fairness in administration and the elimination f unjustifiable expense and delay.").

[49] _Knight_, 989 F.2d at 626 ("In _Fallen,_ a pro se prisoner mailed a notice of appeal eight days after sentencing.  Due to the infrequent prison mail pickup schedule, the notice did not reach the courthouse until five days later.  The defendant thus failed to comply with the literal terms of the then effective Federal Rules of Criminal Procedure, which required a notice of appeal to be filed within ten days of sentencing.  The Supreme Court nevertheless allowed the prisoner to proceed on the merits of the appeal because 'petitioner had done all that could reasonably be expected to get the letter to its destination within the required 10 days.'  The purpose of the notice requirement—compelling litigants to take all precautions to ensure that appeal notices promptly reach the courthouse—was not subverted . . . ." (quoting _Fallen,_ 378 U.S. at 144)); _Nibbs v. People_, 52 V.I. 276, 286 (V.I. 2009) (per curiam))).

2025 VI Super 30U

to facilitate a proper decision on the merits.'"[50]  For example, "simplified 'notice pleading'[51] is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues."[52]  Simply, a trial is a search for the truth; and the court rules are to be interpreted and employed in the most efficient and cost effective manner to achieve that end.[53]

---

[50] *Toussaint v. Stewart*, 67 V.I. 931, 950–51 (V.I. 2017) (quoting *Foman v. Davis*, 371 U.S. 178, 181–82 (1962)).

[51] *See Id.*, 67 V.I. at 943 ("The Rules of the Superior Court, like the Federal Rules of Civil Procedure, are designed 'to secure the just, speedy, and inexpensive determination of every action . . . .'" (quoting *Foman*, 371 U.S. 178, 182)); *see generally Mills-Williams v. Mapp*, 67 V.I. 574, 584-85 (V.I. 2017) ("[T]his Court has expressly held, in both its oldest and newest decisions, that the *Twombly* standard does apply to proceedings in the Superior Court, at least until this Court determines otherwise.  We recognize, of course, that this Court has in fact determined otherwise, in that effective March 31, 2017, this Court adopted the Virgin Islands Rules of Civil Procedure, which supersede all previous civil procedure rules applicable to the Superior Court, including the Federal Rules of Civil Procedure that had been applicable through former Superior Court Rule 7.  Significantly, Virgin Islands Rule of Civil Procedure 8 expressly states that the Virgin Islands "is a notice pleading jurisdiction," V.I. R. Civ. P. 8(a), and the Reporter's Note eliminates any doubt that this language is calculated to "apply[ ] an approach that declines to enter dismissals of cases based on failure to allege specific facts which, if established, plausibly entitle the pleader to relief.").

[52] *Conley v. Gibson*, 355 U.S. 41, 47–48 (1957) ("The Rules [of Civil Procedure] reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of [the rules] is to facilitate a proper decision on the merits." (citing Fed. R Civ. P. 12(e) (motion for a more definite statement); 12(f) (motion to strike portions of the pleading); 12(c) (motion for judgment on the pleadings); 16 (pre-trial procedure and formulation of issue); 26—37 (depositions and discovery); 56 (motion for summary judgment): 15 (right to amend); *cf. Maty v. Grasselli Chemical Co.*, 303 U.S. 197 (1938))).  In federal courts, *Conley* was abrogated by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  However, this does not apply in the Virgin Islands, as this is a notice pleading jurisdiction.  *Mills-Williams*, 67 V.I. at 584–85.

[53] This approach to construction and application of the Virgin Islands Rules of Civil Procedure is reinforced by the strong preference for decisions based upon the merits of a matter.  *See generally Skepple*, 69 V.I. at 722 ("Default judgments are disfavored, and a doubtful case should be resolved in favor of vacating the default and proceeding to a decision on the merits." (collecting cases)).

2025 VI Super 30U

### ii. *Plaintiff Failed to Submit Prima Facie Proof that the Process Servers were Both Disinterested and Non-parties*

**¶20** Process must be served by a disinterested non-party.[54] What this precisely requires in practice is not clear, and Plaintiff has not addressed this factually in its motion. The Court looks to jurisdictions containing a rule or statute with the same or similar language.[55]

**¶21** The requirement contained in Virgin Islands Rule of Civil Procedure 4(c)(2) that service be made by a non-party has, in jurisdictions having a rule with the same language, been extended to methods of substitute service, such as service by mail.[56] This requirement that service be made

---

[54] V.I.R. Civ. P. 4(c)(1); 4 V.I.C. § 82(d) (must be served by "disinterested person").

[55] The following are cases interpreting as persuasive authority similar or identical language in statutes or court rules intended to achieve the same purpose establishing the appropriate understanding and application of rules or statutes. *See generally Gov't of V.I. v. George*, 2025 VI 6, §19 n.8 ("Given that the local Rule 24(a)(2) mirrors its federal counterpart, the standard delineated under the federal rule is persuasive when local Rule 24(a)(2) is construed and applied." (citing *Browne v. People,* 74 V.I. 601, 613 (V.I. 2021); *Yearwood Enterprises, Inc. v. Antilles Gas Corp.,* 69 V.I. 863, 869 (V.I. 2018))); *Browne,* 74 V.I. at 613 (concluding that where a Virgin Islands court rule "is identical to its federal counterpart," federal opinions construing and applying the federal rule are "of inherently persuasive, although not necessarily compelling, force" when construing and applying the Virgin Islands' local rule) (quoting *State v. Fuller,* 374 N.W.2d 722, 727 (Minn. 1985) and citing *People v. Ventura*, Case No. SX–2012–cr–076, 2014 WL 3767484 (V.I. Super. Ct. July 25, 2014) (unpublished)); *Yearwood Enterprises.,* 69 V.I. at 869 (observing that the Court "is mindful that decisions of federal courts interpreting a rule of federal procedure represent persuasive rather than binding authority in the context of th[e] ... interpretation of an identical Virgin Islands rule"); *Wallace*, 71 V.I. at 718 n.3 ("[T]his Court treats decisions from other jurisdictions construing statutes that feature language substantially similar to the language used in a Virgin Islands statute as persuasive authority only." (citing *Rivera-Moreno v. Gov't of the V.I.*, 61 V.I. 279, 2996 (V.I. 2014))); *Id.*at 767 n.36 (Swan, J., concurring) ("Absent evidence that the Legislature of the Virgin Islands adopted a statute from a specific jurisdiction, decisions from jurisdictions interpreting statutes with like purposes and similar langue are considered persuasive." (citing *Rivera-Moreno*, 61 V.I. at 296; *Chinnery v. People*, 55 V.I. 508, 519 n.6 (V.I. 2011); *Bryan v. Fawkes*, 61 V.I. 416 (V.I. 2014)); *Ottley v. Est. of Bell*, 61 V.I. 480, 495 n.10 (2014) ("When statutes from other jurisdictions are substantially similar to a Virgin Islands statute, this Court may look for guidance at how that jurisdiction's courts have interpreted the similar statute. (citing *Nicholas v. People,* 56 V.I. 718, 734–35 (V.I. 2012); *In re Disbarment of Plaskett,* 56 V.I. 441, 447 (V.I. 2012); *Brady v. Cintron,* 55 V.I. 802, 815–16 (V.I. 2011))); *Brady*, 55 V.I. at 813 n.12 ("This interpretation of 27 V.I.C. § 166d(a) is consistent with how other courts have interpreted the Virgin Islands Medical Malpractice Act, as well as Indiana's Medical Malpractice Act, which contains a statute of limitations section with almost identical language.").

[56] *Constien v. United States*, 628 F.3d 1207 (10th Cir. 2010); *see also Thul v. Haaland*, No. 22-5440, 2023 WL 6470733, at *3 n.2 (6th Cir. Mar. 1, 2023) (unpublished) (citing *Constien*, 628 F.3d 1207); *Morelock v. Katz*, No. 22-2074, 2022 WL 17850365, at *1 (4th Cir. 2022) (per curiam) (unpublished) (citing *Constien*, 628 F.3d 1207); *Shabazz v. City of Houston*, 515 Fed. Appx. 263, 264 (5th Cir. 2013) (per curiam) (unpublished) ("Fed. R. Civ. P. 4(c)(2) also prohibits service by a party." (citing *Shabazz v. White,* 301 Fed. Appx. 316, 317 (5th Cir.2008) (per curiam); *Constien,* 628 F.3d at 1213–14); *Dumas v. Decker*, 556 Fed. Appx. 514, (7th Cir. 2014) (unpublished) (citing *Constien*, 628 F.3d at 1217).

2025 VI Super 30U

by a person who is "not a party" has been further interpreted to be satisfied if service is made by a party's counsel (or someone employed by counsel).[57] But, the Virgin Islands Supreme Court has not held either that 1) agents of a party, such as their lawyer, are a non-party within the meaning of Rule 4(c)(1) or 2) agents of a party are "disinterested" within the meaning of section 82(d) of title 4 of the Virgin Islands Code or 3) a violation of either 4 V.I.C. § 82(d) or V.I.R. Civ. P. 4(c)(1)[58] constitute a defect rendering service of process void (as opposed to being merely a procedural error making service of process voidable by a defendant's Rule 12(b)(5) motion to dismiss for lack of service of process).[59]

¶22    Further, while not containing language expressly making this requirement jurisdictional, the requirement in section 82 of title 4 of the Virgin Islands Code that process must be served by a "disinterested person" requires more substantial analysis.[60] Whatever the intended application

---

[57] *Dombush v. C.I.R.*, 901 F.2d 1130 (D.C. Cir. 1990); *McGowen v. Second Judicial District Court*, 432 P.3d 220, 737-38 (Nev. 2018) ("At the time Nevada amended its rules in 2004, federal courts were already interpreting its rule as allowing service of process by a plaintiff's attorney." (citing *Trs. of Local Union No. 727 Pension Fund v. Perfect Parking, Inc.,* 126 F.R.D. 48, 52 (N.D. Ill. 1989); *Commodity Futures Trading Comm'n v. Am. Metals Exch. Corp.*, 693 F. Supp. 168, 186 (D.N.J. 1988); *Jugolinija v. Blue Heaven Mills, Inc.,* 115 F.R.D. 13, 15 (S.D. Ga. 1986))).

[58] Because court rules are generally not jurisdictional, it is highly questionable that the non-party requirement contained in V.I. Rule of Civil Procedure 4(c)(1) renders a judgment void. *See generally In re Smith*, 54 V.I. 517, 524 n.5 (V.I. 2010) (courts rules not jurisdictional); *Crooke*, 54 V.I. at 254 ("It is well established that time limits set exclusively by court rules are mere claims-processing rules which do not affect a court's subject-matter jurisdiction even if they may result in dismissal if violated." (citations omitted)).

[59] *Skepple*, 60 V.I. at 733 n.26 (explaining the distinction between errors rendering a judgment void versus voidable).

[60] *See generally Willis*, 71 V.I. at 832–33 (Swan, J., Concurring) ("If faced with the task of interpreting statutes providing time limits and other limitations that could be understood to limit a court's jurisdiction, its very power to act, statutory requirements should only be held to be jurisdictional if there is a clear indication the legislature intended the statutory provision to operate as a limitation on the court's adjudicatory capacity—the jurisdictional intent must be clear. Determining jurisdictional intent requires that the statutory language be considered for the meaning of the express text considering the context in which it is located and relevant historical treatment. When there is no clear label, then courts consider the structure of the statute and whether long-standing judicial precedent 'compels the conclusion' that the statute imposes a jurisdictional limit. If the express language unambiguously prescribes the jurisdictional limits, no further inquiry is necessary." (citing *First Am. Dev. Group/Carib, LLC v. WestLB AG*, 55 V.I. 594, 602 (V.I. 2011); *Brooks.*, 58 V.I.at 424; *Brady*, 55 V.I. at 815)). In light of the statutory history of parties being authorized to serve process recited in *Constien*, it seems unlikely the "disinterested" person requirement "compels the conclusion" the limitation in section 82(d) of title 4 of the Virgin Islands Code governs this Court's adjudicatory compacity. However, further research into the legislative history of this provision is necessary before any conclusion can be drawn as to legislative intent.

of this section of the Virgin Islands Code, Plaintiff bears the initial burden of proving service of process, including service by a disinterested nonparty. The Court will consider whether this initial burden has been satisfied.

**¶23** The process server in the Virgin Islands stated their name and that they[61] are not a party to this Case. However, this affidavit does not contain any explicit statements that the person who attempted service were not employed by, officers or directors of, or shareholders/members in the Plaintiff. A declaration that the process server is not a party to the litigation goes a long way to proving "disinterest." But, for example, even though an employee does not necessarily have any legal interest in their employer's lawsuit, an employee does have an interest in their employer's success. As such, an employee, while not having an interest in a lawsuit, is likely not disinterested. Juridical persons[62] can only act through human beings.[63] Plaintiff is a mortgage company that operates nationally. While it is unlikely that Richardson is also employed by or otherwise has an interest in Newrez, the Court is not free to speculate about this. With regard to process server Richardson, Plaintiff has failed to factually eliminate possible sources of interested persons and

---

[61] *See generally Evans-Freke v. Evans-Freke*, 75 V.I. 407, 462 (V.I. 2021) (Swan, J., concurring) ("*They*, merriam-webster.com, http://www.meriam-webster.com/dictionary/they (last visited Oct. 25, 2021) (updating the usage of they to '[be] used with a singular antecedent to refer to an unknown or unspecified person' or 'to refer to a single person whose gender identity is nonbinary').").

[62] *See generally Evans-Freke*, 75 V.I. at 434 (Swan, J., Concurring) (citing Black's L. Dict., 1258 (defining "juridical person")).

[63] *Defoe v. Phillip*, 56 V.I. 109, 129 (V.I. 2012) ("[W]e recognize the principle that [juridical persons] may only act through their agents . . . ." (citing *Tavarez v. Klingensmith,* 372 F.3d 188, 191–92 (3d Cir. 2004)); *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 707 (V.I. 2014) (Juridical persons, "separate and apart from the human beings who own, run, and are employed by them, cannot do anything at all."); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 167 (1988) ("[A] corporation is incapable of doing anything except through the agency of human beings . . ." (citing *Monell v. New York City Dept. of Social Services,* 436 U.S. 658 (1978))).

2025 VI Super 30U

has submitted inadequate proof of Due Diligence in seeking to serve Defendants by either personal or substitute service.[64]

¶24    There is also an obvious deficiency in the "proof" of attempted service of process in Florida; what was submitted in no way shape or form constitutes an affidavit. Absent either a notary block or a declaration compliant with Virgin Islands Rule of Civil Procedure 84, these unsworn statements do not constitute evidence.

¶25    Additionally, the person who completed this document stated that they had no interest in the Case. This attempted statement of fact, had it been properly executed, more completely eliminates potential sources of interest. However, it still falls short of establishing the person was "disinterested." Rather, additional factual content was necessary declaring that the server was not employed by, an officer or director of, is not a shareholder in, and is not otherwise financially dependent or invested in Plaintiff in order to factually support a claim of disinterest.

¶26    The proof as submitted is insufficient factual support to conclude that attempted service of process was made by someone who was both not a party and disinterested. This is a failure to prove Due Diligence in strict compliance with section 112 of title 4 of the Virgin Islands Code.[65] Because the present record does not establish strict compliance with section 112 of title 5 of the Virgin Islands Code, decision on the present motion is reserved; and an order will be entered

---

[64] Because a Plaintiff must strictly prove Due Diligence to be granted permission to provide legal notice through constructive service, the present evidence does not establish prima facie proof of Due Diligence. This decision is limited to the facts presented—an unopposed motion seeking leave to provide legal notice by constructive service. Whether strict compliance with section 82(d) of title 4 of the Virgin Islands Code is required when personal or substitute service are employed is not addressed. *See generally In re Moorhead*, 2022 VI 20, ¶17 n.1; *e.g.*, *Mosler v. Gerace*, 2024 VI 1, ¶22.

[65] Even in instances involving personal or substitute service where the burden of compliance is not subject to strict scrutiny, if plaintiffs wish to avoid challenges to any default judgment they might obtain, best practices dictate that proof of service must include factual statements establishing that the process server was both not a party and disinterested.

directing Plaintiff to either submit prima facie proof of Due Diligence or otherwise complete service of process.[66]

## B. Prerequisites of Constructive Service of Process—Due Diligence

¶27    "Implicit in any [D]ue [D]iligence analysis under section 112 [of title 5 of the Virgin Islands Code] is that the plaintiff will make a prima facie showing that, after reasonable effort, neither personal service nor other methods of substitute service could be achieved wherever the defendant may be."[67]  Reasonable efforts are those actions by a plaintiff (considered in light of the information available to them) that indicate an actual intent to give actual and legal notice to the defendant.[68]

¶28    Section 112 of title 5 of the Virgin Islands Code authorizes constructive service by publication only when "a plaintiff present[s] prima facie evidence showing the following:  (1) that a duly diligent effort to obtain personal service upon the defendant(s), using the methods prescribed in Federal Rule of Civil Procedure 4, was made; (2) failing to achieve successful personal service under the methods prescribed by Rule 4, that a duly diligent effort to provide legal notice to the defendant was made such that the efforts clearly indicate a plaintiff desirous of

---

[66] The record does not present the issue of whether these requirements constitute prerequisites the failure of which render a judgment voidable upon a defendant's timely motion or whether they are prerequisites of constitutional proportion the failure of which render a judgment void.  Therefore, the Court avoids this determination until there are parties on both sides of the issue who can submit arguments.  The present ruling is narrow and limited to a failure to prove Due Diligence in strict compliance with 5 V.I.C. § 112 to justify constructive service.  *See generally In re Moorhead*, 2022 VI 20, ¶17 n.1; *e.g.*, *Mosler v. Gerace*, 2024 VI 1, ¶22.

[67] *Skepple*, 60 V.I. at 738 (citing 5 V.I.C. § 112; *Settlemier v. Sullivan*, 97 U.S. (7 Otto) 444, 448 (1878)).

[68] *Id.* at 728-29 ("In order for legal notice to comply with the requirements of due process and support the exercise of personal jurisdiction over a defendant at the outset of a lawsuit—considering the totality of the circumstances—the notice must be reasonably calculated to apprise the interested party of the pendency of the case and afford the party a genuine opportunity to present the party's objections, such that the notice must reasonably convey all required information and likewise afford a reasonable time for the party to make an appearance and present such objections. Additionally, the service must be directed to those people and at those locations known to, and reasonably discoverable by, the plaintiff, such that the efforts at service demonstrate that the plaintiff was "desirous of actually informing the absentee" defendant." (citations omitted)).

actually informing the defendant(s) of the litigation; and (3) that the defendant cannot be served by any of the foregoing methods . . . ."[69]  When a Plaintiff requests leave to effectuate legal notice by constructive service (i.e., service by publication), such permission should only be given upon strict compliance with the authorizing statute.[70]  "Where the proof of service fails to establish the statutory pre-requisites that justify the trial court's authorization of constructive service, the court has no personal jurisdiction."[71]

¶29     "Due process dictates that a plaintiff expends 'reasonably diligent efforts' to identify and serve 'reasonably ascertainable parties' whose interests in the lawsuit are not merely conjectural,"[72] and "an assessment of [Du]e [D]iligence must be made from a practical standpoint and in a commonsense manner, without rigid adherence to any mechanical formula."[73]

¶30     "Generally speaking, [D]ue [D]iligence is 'such a measure of prudence, activity, or assiduity, as is properly to be expected from, and ordinarily exercised by, a reasonable and prudent [person] under the particular circumstances; not measured by any absolute standard but depending on the relative facts of the special case.'  [R]easonable diligence [i]s 'a fair, proper and due degree of care and acting, measured with reference to the particular circumstances; such diligence, care, or attention as might be expected from a man of ordinary prudence and activity.'  'To demonstrate

---

[69] *Id.* at 738 (citing 5 V.I.C. § 112); *see also Id.* at 738 (citing *American Lnd. Co. v. Zeiss*, 219 U.S. 47, 66 (1911) (noting that the statute "provide[s] every reasonable safeguard for the protection of the rights of unknown claimants and to give such notice as under the circumstances would be reasonably likely to bring the fact of the pendency and the purpose of the proceeding to the attention of those interested.")).

[70] *Id.* at 734-35 ("[W]hen constructive service is employed, determining whether an attempt at service constitutes legal notice depends upon strict compliance with the requirements of the method of constructive service, and whether a party has complied with the statutory requirements is subject to strict scrutiny." (citing *Voorhees v. Jackson*, 35 U.S. (10 Pet.) 449, 453 (1836); *Cheely v. Clayton*, 110 U.S. 701, 706-07 (1884). *Mulrain v. Mulrain*, 15 V.I. 149, 151 (D.V.I. App. Div. 1979))).

[71] *Id.* at 731 (citations omitted).

[72] *Id.* at 739 (citations omitted).

[73] *Id.* at 740 (citations omitted).

reasonable diligence, a plaintiff must establish that [they[74]] pursued the issue with those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protection of their own interests and the interests of others.'"[75]  This necessarily requires reasonably diligent efforts to identify reasonably ascertainably addresses and localities where a defendant might reasonably be located and further requires reasonably diligent efforts to achieve either personal or substitute service at those addresses in those localities.

### i.    Ewan

**¶31**    The Court first reiterates that the attempted proof of attempted service upon Ewan in Florida was not proof, as it was neither notarized nor declared under penalty of perjury.  Therefore, the Court cannot consider the content of this document.[76]  However, there is an even more fundamental deficiency in the proof before the Court.

**¶32**    Section 112's requirements that each plaintiff provide proof "(1) that a duly diligent effort to obtain personal service upon the defendant(s), using the methods prescribed in Federal Rule of Civil Procedure 4, was made; [and] (2) failing to achieve successful personal service under the methods prescribed by Rule 4, that a duly diligent effort to provide legal notice to the defendant was made such that the efforts clearly indicate a plaintiff desirous of actually informing the defendant(s) of the litigation," have not been satisfied.

---

[74]*See generally Evans-Freke*, 75 V.I. at 462 ("*They*, merriam-webster.com, http://www.meriam-webster.com/dictionary/they (last visited Oct. 25, 2021) (updating the usage of they to '[be] used with a singular antecedent to refer to an unknown or unspecified person' or 'to refer to a single person whose gender identity is nonbinary').").

[75] *Skepple*, 60 V.I. at 741 (alterations, quotations, and citations omitted).

[76] The Court recognizes that process serving companies may have certain form documents, and it may be rather difficult to obtain any alterations to that form.  However, the Virgin Islands authorizes substitute service by mail, which mailing can be proved by affidavit of counsel or an employee of counsel. Further, nothing prevents counsel from completing an affidavit detailing the efforts made to determine that the process server was disinterested. Certainly, detailing efforts to use various databases accessible to the public to determine if the name of the process server is reported to have any potential relation to a party can be done by counsel or their staff.

**¶33**    In addition to the address in Orlando, Florida where service was attempted, Plaintiff has provided to the Court a physical address for Ewan on the island of St. Croix in this Territory. However, there is no evidence that any attempt was ever made to personally serve Ewan at this address.

**¶34**    Further, absolutely no evidence has been submitted to prove that Plaintiff even attempted to identify other potential addresses and methods of communication whereby Ewan could be given either (or both) legal and actual notice of this Case.[77]    There are no reports indicating any recent addresses of Ewan.  There is no affidavit of a private investigator indicating efforts to locate Ewan. There is no affidavit of the Estate Administrator indicating their relationship to the Decedent and what information they had regarding the heirs of the Decedent and potential methods of contact. The present proof fails to demonstrate an actual intent on the part of the Plaintiff to provide both actual and legal notice to Ewan and, therefore, fails to establish that the prerequisites to service by publication have been strictly satisfied.

---

[77] The Court acknowledges that "actual notice of a lawsuit is not a substitute for legal notice, but actual notice likely justifies a discretionary extension of time if a defendant avoids service or conceals a defect in process or attempted service."  *Id.* at 732 n.24; *see Beachside Assoc*, 53 V.I. at 716 ("[A] trial court, after finding that good cause does not exist for a mandatory extension, must consider whether any additional factors warrant granting a permissive or discretionary extension of time." (citations omitted)); *Daley-Jeffers*, 69 V.I. at 941 ("Generally, where service of process is insufficient, courts allow a plaintiff the opportunity re-serve the defendant, provided that service is not futile." (citing *Gregory v. United States Bankr. Ct.*, 942 F.2d 1490, 1500 (10th Cir. 1991))); *e.g.*, *Joseph-Smith v. World Fresh Mkt., LLC*, 2023 VI SUPER 29U, ¶ 16 (V.I. Super. June 2, 2023) ("[T]he Court finds that a discretionary extension on the time to serve is warranted in the interest of justice. In addition, it is not futile to allow the untimely service of Santo and Maritza. (citing *Daley-Jeffers v. Graham*, 69 V.I. 931, 941 (V.I. 2018))); *McKenzie v. Hess Oil V.I. Corp.*, 70 V.I. 210, 221 (V.I. Super. Ct. 2019) ("Therefore, because Fluor was served, albeit late, and because Fluor had notice of the McKenzies' claims, the Court must deny Fluor's motion and grant the McKenzies a discretionary extension.").  Further, where a Defendant has actual notice, actions taken in response to attempted service often take on a clearer meaning when considering if a defendant has been avoiding service of process.  And, avoiding service of process has legal consequences that can relieve a plaintiff of the obligation to engage in further attempts to provide legal notice.  *See generally Skepple*, 69 V.I. at 732 & n.24 ("[A]ctual notice of a lawsuit is not a substitute for legal notice, but actual notice likely justifies a discretionary extension of time if a defendant avoids service or conceals a defect in process or attempted service." (citing *Ross v. Hodge*, 58 V.I. 292, 310 (V.I. 2013); *Beachside Assocs.*, 53 V.I. at 711).  Therefore, efforts to email a defendant are relevant to whether an extension of time should be granted and whether a defendant has waived service of process by actively avoiding it.

¶35    Further, even though Ewan's most recent address is listed as being in Florida, Plaintiff seeks to achieve constructive service by publication only in the Virgin Islands. Any efforts to give both actual and legal notice to Ewan would require publication in both the Virgin Islands and in Orlando, Florida.[78]

### ii. Unknown Heirs and any Others Claiming an Interest in the Mortgaged Property

¶36    Mortgage holders are often faced with the unfortunate situation where a debtor/mortgagor[79] dies with a mortgage outstanding, thus forcing a lending institution to attempt to determine who the heirs of a debtor are. Because Due Process requires notice and an opportunity to be heard before ownership interests are terminated, foreclosing upon a decedent's estate gives rise to potential challenges to any judgment of foreclosure that may be obtained. As such, certain best practices have arisen to prevent future issues and expense in this regard. One such practice has been to name unknown heirs and unknown persons having any interest in a mortgaged property, either as a group or as individual john does, and then serving the heirs unknown by publication to demonstrate an actual intent to give actual and legal notice to anyone with an interest in the affected property.[80]

---

[78] Because Plaintiff has provided no evidence of any recent addresses of Ewan, the Court cannot for certain say that service will satisfy due process if completed in these two locations. If further evidence of additional recent addresses were provided, the specific history of residence would inform the Court of the location(s) where such service should be completed.

[79] *See generally Miller v. Soreneson*, 67 V.I. 861, 864-65 & nn.1-2 (V.I. 2017) (defining "mortgagor" and "mortgagee"); *Cornelius v. Bank of N.S.*, 67 V.I. 806, 825 nn.4-5 (V.I. 2017) (defining "debtor" and "debtee"/"creditor").

[80] *See generally, e.g.*, *The Irish Jester Revocable Trust v. Domain, LLC, Estate of Yolman, Johah Yolman, Alycia Yolman and "John and Jane does 1-5, as Unknonw Heirs*, Case No. ST-2022-CV-00003, April 5, 2022 Order, p. 1 ("However, in the absence of conclusive information that there are no other heirs Plaintiff has elected to identify and serve all unknown heirs as John and Jane Does 1-5 who can only be served by publication.") (available on public docket, https://usvicms.vicourts.org/).

¶37     Presently, the record before the Court demonstrates that there is at least one person who is an heir of the Decedent who has been identified.  Further, Plaintiff delivered the summons and complaint to the Mortgaged Property and left it with an adult who was present at the address.

¶38     Absent from the record is any evidence of the efforts Plaintiff made to identify heirs of the Decedent.  There is nothing to indicate any efforts were made to find an obituary of the Decedent.  There is nothing indicating Plaintiff contacted the Estate Administrator to discover any heirs in addition to Ewan.  There is nothing to indicate any paid database service was consulted to find persons associated with the Decedent.

¶39     To satisfy the requirements of Due Diligence contained in section 112 of title 5 of the Virgin Islands Code, a plaintiff must take such actions (considered in light of the information available to them) that indicate an actual intent to give actual and legal notice to each defendant, as stated earlier in this opinion.

¶40     Plaintiff's proof of its efforts, while indicting more than just minimal efforts have been made, falls short of the minimum evidentiary burden necessary.  The absence of any evidence of Plaintiff's efforts to identify all heirs of the Decedent leaves the Court with inadequate evidence of Plaintiff's Due Diligence in strict compliance with the statutory requirements for constructive service pursuant to section 112 of title 5 of the Virgin Islands Code.

**C. Good Cause for Extension of time**

¶41     The "[f]ailure to prove service does not affect the validity of service."[81]  Because there is a strong preference for decisions on the merits,[82] this court should "permit proof of service to be

---

[81] V.I.R. Civ. P. 4(n).
[82] *See generally Skepple*, 69 V.I. at 722 ("Default judgments are disfavored, and a doubtful case should be resolved in favor of vacating the default and proceeding to a decision on the merits." (collecting cases)).

amended."[83]   Additionally, if service is not completed within 120days "after the complaint is filed,"[84] upon a showing of "good cause," an extension of time must be granted to complete service.  Presently, it is unclear whether Plaintiff has failed to provide adequate proof of service and due diligence or if the Plaintiff has failed in their efforts to achieve service of on the merits.

**¶42**    "When an act is required or allowed to be done by or within a specified period, the court may upon a showing of good cause or excusable neglect, extend the date for doing that act.  The court may consider whether the request to extend time is made before or after the required date; the reason for the movant's delay; whether the reason for delay was within the reasonable control of the movant; the danger of prejudice to the parties; the length of the delay; the potential impact of the delay on judicial proceedings; whether the party seeking the extension has acted in good faith, and all other relevant circumstances surrounding the party's failure to meet the originally prescribed deadline."[85]

**¶43**    This action was commenced on April 15, 2025.  The 120-day deadline was August 13, 2025.  The motion for an extension of time was filed August 14, 2025.  Plaintiff does not offer any explanation for the failure of service of process.  As to Ewan, the absence of proof of any attempted service at the address on St. Croix would indicate the Plaintiff simply did not bother to attempt service there.  However, regarding heirs unknown, in the absence of known heirs, it is very difficult to establish the non-existence of unknown people or their residence. The fact that Plaintiff delivered the summons and complaint to the Mortgaged Property, and it was left with an adult

---

[83] V.I.R. Civ. P. 4(m)(3).
[84] V.I.R. Civ. P. 4(n).
[85][85] V.I.R. CIV. P. 6 (b)(1).

human, indicate that Plaintiff made such efforts as was possible based on the absence of further information.

¶44 This is a foreclosure action, and the relevant documents were filed as part of the complaint. While any passage of time (however small) can give rise to the loss of evidence or witnesses, nothing about the time that has passed in the present Case gives rise to a concern that evidence may have been lost. Two of four Defendants have been served. Further, the unknown heirs have had personal service attempted at the Mortgaged Property. Without contact with the Decedent's known heir, it is quite difficult to determine if there are others who should also be named and served. The present matter has only been pending for four months and is in the very early stages. While service by publication takes several weeks, such a delay is not so substantial that it would significantly impact this Court's docket.

¶45 The present evidence, if not a failure of proof, indicates that Plaintiff was not as diligent as it could have been in attempting to give both actual and legal notice to Ewan. However, nothing facially gives rise to an inference of bad faith. Further, as to the unknown Defendants, personal service at the Mortgage Property is affirmative evidence that the Plaintiff wished to make every effort to give actual and legal notice to those unknown Defendants.

¶46 Even if the Court were to dismiss this matter, little would be gained, as the matter, being a foreclosure suit, could be refiled immediately. Moreover, the facts presented indicate that the present failure is more likely a failure to compile the proof and submit it to the Court in an acceptable evidentiary format. As such, judicial economy counsels in favor of extending the deadline for service on the remaining Defendants.

2025 VI Super 30U

**¶47** Overall, the factors weigh in favor of granting Platiniff 30 days to either submit supplemental proof of service and/or Due Diligence or to take such actions that it either achieves service or establishes Due Diligence in satisfaction of the mandatory prerequisites to section 112 of title 5 of the Virgin Island Code.

**CONCLUSION**

**¶48** The attempted proof of service does not constitute evidence of service of process and further fails to provide sufficient evidence to satisfy the requirement of Due Diligence in Plaintiff's efforts to provide service that constitutes both legal and actual notice. Absent proof of such efforts, the statutory prerequisites of 5 V.I.C. § 112 are not met; and the method of substitute service provided therein cannot be employed. However, Plaintiff has made a showing adequate to justify an extension of time to complete service of process or prove Due Diligence with regard the Defendants who have not been served. Accordingly, it is hereby

**ORDERED** that Plaintiff shall, within 30 days of entry of this order, submit either corrected prima facie proof of compliance with 5 V.I.C. § 112 or otherwise complete service of process, whether personal or substituted service, upon Defendants Ewan Harney and the Unknown Heirs and Persons Claiming an Interest in the Mortgaged Property; and it is further

**ORDERED** that Plaintiff may submit briefing addressing either law or fact or both in justification of the actions taken in response to this Order; and it is further

**ORDERED** that a copy of this Order shall be directed to counsel of record.

Dated: August 25, 2025

_____
Honorable Sigrid M. Tejo
Judge of the V.I. Superior Court

**ATTEST:**

**TAMARA CHARLES**
Clerk of the Court

**BY:** _____
**For** **DONNA D. DONOVAN**
Court Clerk Supervisor __8__ / __26__ / __2025__